HEWSON *against* DEYGERT.

HILDRETH, (Attorney-General,) in behalf of *David I. Zeilly*, and *Joseph Spreaker*, moved, that all sales of lot No. 4. in *Van Slyck's* and *Depeyster's* patent, in the town of *Palatine*, in the county of *Montgomery*, under a *fieri facias* issued in the above cause, be postponed indefinitely, or forbidden.

In the affidavits which were read, the following facts were stated. On the 6th *February*, 1811, *Zeilly* and *Spreaker* purchased, for 1,670 dollars, the lot No. 4. at a sheriff's sale, under an execution issued in *February* vacation, 1810, in the above cause, and under another execution issued in *August* vacation, 1810, at the suit of *I. & A. Kane*, against *Deygert* and one *Henry Deill*. At the time of the sale, the sheriff had in his hands, another execution in favour of *Robert R. Henry* against *Deygert*, on a judgment obtained subsequent to the other two. The proceeds of the sale amounted to about 500 dollars, over and above the amount of the two first executions, and a considerable part of the 500 dollars had been applied towards satisfying the third execution. At the time of the sale, *Zeilly* and *Spreaker* did not know that more money was or would become due on the first judgment. *I. & A. Kane* are alone interested in all the judgments. The same lot has again been advertised, under an execution issued on the first judgment, to collect another instalment due on the judgment, which has become due since the sale above stated. *Zeilly* and *Spreak-*

*Judgment having been obtained against a defendant on a bond, payable by instalments, an execution was issued to collect the amount due on the first instalment, and the sheriff sold a tract of land of the defendant's, worth 7,000 dollars, which was purchased by A. for 1,670 dollars, as highest bidder. Another execution was afterwards issued, to collect the amount due on the second instalment, and the same tract of land was again taken by the sheriff, and advertised for sale. A. the purchaser under the first sale, applied to the court, on affidavit, to stay all further sale of the land; but the court refused to interfere, saying the party who has title must be left to his legal remedy*

*But it seems, that the land in question, in the hands of the purchaser under the first sale is no longer bound by* the judgment; it being presumed that the land sold for its value, and the purchase is to be considered absolute, in regard to the lien or judgment; that the proper course in all sales of real and personal property, is to sell so much of the property charged as will probably satisfy the execution, and which can conveniently and reasonably be sold separately.

*er*, since their purchase, and before the present execution issued, had bargained and sold the lot.

The affidavit, on the part of the plaintiff, stated, that the execution in this cause, is to collect the half of what was due on the two first instalments of the bond on which the judgment was entered; that the lot sold is worth 7,000 dollars, and that it was understood from *Zeilly* and *Spreaker*, that they purchased for the benefit of the defendant. The present execution has been issued for half of the instalment due, or about 509 dollars; *Deill*, the other defendant, having engaged to pay the other half, and that the defendant has no other means to pay what is due.

*Bleecker* and *Sedgwick*, for the plaintiff.

*Per Curiam.* It is not requisite that the court should interfere in this summary way, by rule, to prevent the sheriff from selling property on execution which is alleged not to belong to the defendant. The party having title has his remedy by action, if he sustains injury, and no sale by the sheriff will affect the title to lands not subject to sale under the execution. But though the motion is denied on this ground, the court think proper to intimate their impression on the question which has been raised, lest the parties may be misled by their silence. They give no decided opinion, as the point may possibly hereafter come before them in a regular course of litigation; but, under their present view of the subject, they consider that the lands in question, in the hands of the purchasers are no longer bound by the judgment. It is to be presumed, that the lands sold, under the former execution, for their value, and the purchase is to be considered as absolute, in respect to the lien or judgment under the authority of which they were sold. The sale extinguished the lien as to the lands sold. The proper course, both on sales of real and personal property, is to

sell only so much of the property charged, as will pro-
bably satisfy the execution, and which can conveniently
and reasonably be sold separately. A party who sells
under a power, is not bound to sell, at once, all the pro-
perty bound by the power, and in many cases, it would
be an act of great oppression to do it. (*Co. Litt.* 113. a.
1 *Caines's Cases in Error*, 18. *Noy*, 59.) But if he does.
do it, he ought not to be permitted to sell the property a
second time, to satisfy new and growing instalments. If
he wishes not to exhaust at once his resources under the
lien, he should sell no more of the estate than was re-
quisite to satisfy the instalment due.