Per Curiam.

The evidence was pretty strong to show that the defendant below acquired no right to the property in question, under the sale set up by him; for, independently of the question of fraud, the sale, in that case, was general, of all the presonal property ot Ellis ;k but in an action of trover, it is necessary for the plaintiff to show property in himself, which was not done in this instance. The general sale under the execution would not pass the property; the sheriff did not even know the goods, or pretend to sell them specifically, and to sanction such sales would open a door to innumerable frauds. The property should be pointed out to the inspection and examination of bidders, that they may be enabled to form an estimate of its value; as was held necessary by this court in the case of Jackson v. Striker, ■ (1 Johns. Cas. 287.) Although the sale in that case was of real property, yet the same reason and policy apply to sales of chattels. It was there laid down as a.general rule, that nothing ought to pass at a public sale, but wha* was then known and promulgated : that it was a general and salutary principle-—one necessary in order to guard against fraud, and to preserve integrity and fairness at public auctions—that no property should pass at a sheriff’s sale, but what was, at the timo, ascertained and declared. (14 Johns. Rep. 222.) The judgment must, accordingly, be reversed.
Judgment reversed.(a)

 Vide Woods v. Meacll and others, 1 Johns. Chan. Rep. 502.