In the proof of a will, a written petition to take the proof is not necessary. Affidavits of the interest of the parties, and of service of notice on them are received; *viva voce* proof of these facts not being required.

---

THE PEOPLE, on the relation of S. SUTLIFF, *vs.* C. EASTON, sheriff of Montgomery.

MOTION for a mandamus. Certain real estate of T. E. Sutliff was sold on the 15th August, 1827, under an execution issued under the seal of the common pleas of Montgomery, on a justice's judgment, for $37,81, and puschased by

A person obtaining a judgment against another, and selling the land of his debtor, becoming himself the purchaser at an amount exceeding the judgment, has no right to redeem the premises purchased by him from the operation of a sale *anterior* to that under which he purchased; the sale of the land under his execution having extinguished the lien of his judgment; he is no longer a judgment creditor having a *lien*.

NEW-YORK,  J. W. Cady and another, who obtained a certificate of sale,
May, 1829.  which, by assignment, came to the relator in this case.   In
In the matter  December, 1827, S. Wiley recovered a judgment against T.
of Fitch.  E. Sutliff for $303 58, issued an execution, and on the 20th
February, 1828, sold the same premises, became himself the
purchaser at the sum of $318 50, (a sum exceeding the
amount of his judgment and the sheriff's fees,) and obtained
the sheriff's certificate.   On the 14th November, 1828, Wi-
ley paid to the sheriff $65, claiming the right to redeem the
premises from the operation of the sale of August, 1827.

*D. Cady*, for relator.

*By the Court*, SAVAGE, C. J.   The relator is entitled to
his deed.   Wiley's judgment, by the sale under his execution
at a sum beyond the amount thereof, became satisfied, pur
he was no longer a judgment creditor, having a *lien* upon the
land sold at the previous sale, under which the relator claims.
Had the premises been purchased by a stranger instead of
the plaintiff in the execution, such would have been the ef-
fect, and whether he or another became the purchaser, can-
not alter the rights of the relator.   A sale of land under an
execution, extinguishes the lien of the judgment on the land
sold.   (8 *John's R. 334.*   See also 4 *Cowen*, 417, and 7
*Cowen*, 21.)   Let a mandamus issue.