Wood, J.
The plaintiffs’ counsel have taken several exceptions to the proceedings under the attachment, and, among others, it is contended, the levy and the sheriff’s deed to Hunt are void, for the want of a pertinent and necessary description of the premises so levied on and sold.
The sheriff’s deed describes the land as 1,055 acres, being part of a tract of 1,731 acres, or thereabouts, situated on the east branch of the Little Miami river, being part of a tract located in the name of Richard Throckmorton by Joseph Lewis. Is this description of the land sufficient? In Sheldon v. Soper, 14 Johns. 352, in relation to levies, it is said to be a general and salutary principle, one necessary to guard against fraud and to preserve integrity and. fairness at public auctions, that no property should pass at a sheriff’s sale but what was, at the time, ascertained and declared. In Jackson v. Delaney, 13 Johns. 537, it is also said, that no person attending sheriff’s sales can know what 44] price to bid, or how to ^regulate his judgment, if there be no specific designation of the property. In Matthews v. Thompson, 3 Ohio. 272, a levy on 100 acres, section 4, township 7, range 4, was-held to be too uncertain. There can be no difference, in principle, as to the requisite certainty in the description, whether in the levy or the conveyance by the sheriff. Every conveyance of real property must contain such a convenient and definite description, that by its terms the land can be located, and if not, the conveyance is void. Jac. Law Dic., tit. Deed.
Try this sheriff’s levy or deed by these rules. The levy and deed are identical in description: “1,055 acres of land, part of a tract of 1,731 acres, or thereabouts, situated on the east branch of the Little Miami river, being part of a tract located in the name of Richard Throckmorton by Joseph Lewis.” The purchaser, we will suppose, sets out with his deed in his hand to take possession. The east branch of the Little Miami is readily found — it is notorious. In tracing up the branch, from its mouth, he inquires for the Throckmorton tract, located by Joseph Lewis, but can find only a Throckmorton tract, located by Goo. Lewis. The evidence shows such to be the fact! He may, however, suppose the name *45 of the locator to be an error, so far as the Christian name is concerned, and that he is on the right tract; but he ascertains the tract located by Lewis, whether Joseph or George, to be3,167J acres, instead of 1,731. Such, again, from the evidence is the quantity. It must be admitted, with these facts before him, it would be unreasonable to suppose that this was the land he purchased; but suppose it to contain 1,731 acres; his purchase and deed call for 1,055 acres of the tract of 1,731 acres, and where shall he commence his survey? What part of it did he purchase, or what particular portion of it is conveyed to him? It seems to us, neither the levy nor the deed convey any answer to the inquiry. It will be observed, that it was not an undivided interest in the tract, but an interest held in severalty, which is attempted to be sold and conveyed ; and, in our opinion, such a vagueness of description, either in the levy or deed, is fatal to the defendants’ title.
^Reliance is, however, placed on the statute of limitations, [45 but the evidence is clear, that Richard Throckmorton was never in Ohio, nor out of the State of New Jersey, excepting once, on a voyage to London. He is, therefore, within the saving clause of the statute, and his right consequently not barred. The defendent's are, however, entitled to the benefit of the occupying claimant law.