## SHOVE vs. RAYNOR.

On the return of a jury in a justice's court, to deliver their verdict, the justice must see that the plaintiff, or some person authorized by him, appear before he receives the verdict.

Where on the return of the jury, the justice called the plaintiff, and *some person not known to him answered*, upon which he received the verdict and rendered judgment ; *held* erroneous.

The justice's return must shew affirmatively that the plaintiff appeared when the verdict was given. *Per* BEARDSLEY, J.

ERROR to the Onondaga C. P., to review a judgment of tha court reversing on *certiorari*, a judgment rendered by a justice of the peace. The suit before the justice was by Raynor *v.* Shove. Issue having been joined, it was tried by a jury who found a verdict for the defendant. The return of the justice to the *certiorari* stated that when the jury "had agreed upon their verdict they returned into court, and upon coming in of the said jury, I called the plaintiff, and *some person to me not known* answered to the name of the plaintiff; whereupon the jury delivered their verdict," &c.

*A. C. Griswold,* for the plaintiff in error.

*Noxon, Leavenworth & Comstock,* for the defendant in error.

*By the Court,* BEARDSLEY, J. The manner of receiving the verdict was irregular. The plaintiff, if he chose to do so, might suffer a nonsuit by refusing to appear. This was an important right of which the justice could not deprive him by recognizing the answer of a person unknown, as an appearance for the plaintiff. The justice was bound to see that the plaintiff appeared in person or by some person duly authorized, before he received the verdict. (2 *R. S.* 244, § 110; *Id. p.* 246, § 119; *Baum* v. *Tarpenny,* 3 *Hill,* 75.) We cannot intend that this unknown person was the plaintiff, or any one authorized to appear for him. Appearance, in such a case, is much more than a mere matter of form, and the return should show the fact that the plaintiff duly appeared, or the verdict will be deemed irregular.

The judgment of the common pleas, reversing that of the justice, was correct, and should be affirmed.

Judgment affirmed.