Warring *v.* Loomis.

(*a*) Affirmed by the court of appeals.

---

SAME TERM. *Hoyt, Mullett, Sill, and Marvin,* Justices.

WARRING and others *v.* LOOMIS.

At a sale of personal property by a constable, on execution, the property must be pointed out to the bidders, and specifically designated. It must not be left to any future act to ascertain what property is sold.

Accordingly where a constable levied upon 13 sheep, generally, and on the day

of sale, the sheep of the defendant in the execution, numbering 21 or 22, being present, the constable offered for sale 13 of the sheep—without designating which—and on being asked by a bidder which sheep he sold, he replied "the best—the fattest;" *held* that the constable had no power to sell in such a manner as to authorize the purchaser to select out 13 sheep from the flock; and that the purchaser acquired no title to the sheep thus selected by him.

A judgment rendered by a justice of the peace will not be reversed on certiorari, merely for the reason that the justice's return omits to state that the plaintiff was called, when the jury came into court and rendered their verdict.

CERTIORARI to a justice's court held by Rensselaer Lamb, Esq., now county judge of Cattaraugus county, certified by him to this court. Loomis sued Warring and others in trover, for converting fifteen of his sheep. Warring was a constable, and had an execution against the property of Loomis. There was a levy upon "thirteen sheep" endorsed upon the execution. On the day of sale the defendants below attended, and the plaintiff's sheep, numbering 21 or 22, were present. The constable offered for sale by virtue of the execution, thirteen of the sheep, without designating them. On being asked by a bidder which sheep he sold, he replied, " the *best—the fattest* of them." The sheep were thus cried and sold to one of the defendants. After this sale the defendants drove all the sheep to a neighbor's house, and there selected out 13 sheep, and then drove the remainder back. The jury gave the plaintiff a verdict for the value of the 13 sheep; and the justice rendered a judgment for the plaintiff thereon.

*N. Cobb,* for the plaintiffs in error.

*D. Reed Wheeler,* for the defendant in error.

*By the Court,* MARVIN, J. The sale gave no title to the purchaser. There was no indentification of the property. The specific sheep were not pointed out. It was the sale of a right to select out 13 sheep from the flock. A constable has no power to make such a sale or contract. If the owner should make such a contract, no title would pass until the selection was made. Until that act was done the contract would be ex-

ecutory. At a sale of personal property by a public officer, the property must be present; and it must be pointed out and specifically designated, so that the purchaser may know precisely the article or articles which he purchases. The sale is complete upon the acceptance of the bid, and the title instantly passes upon the payment of the amount bid. The authority of the officer over the property then ceases. The statute only authorizes a sale " if the goods and chattels be present, and pointed out to the inspection and examination of the bidders." (2 *R. S.* 252, § 149.) See also *Sheldon* v. *Soper,* (14 *John.* 352,) where the court lay down the general rule, that nothing ought to pass at a public sale but what was then known and promulgated; that it was a general and salutary principle— one necessary, in order to guard against fraud, and to preserve fairness at public auctions—that no property should pass at a sheriff's sale, but what was at the time ascertained and declared.

The bidder must know the specific property which he is buying. It must not be left to any future act to ascertain it. It is argued in this case, that the constable sold "the best and fattest " of the sheep. Who is to ascertain which are the best and fattest? Are judges to be called in, if the purchaser and the defendant in the execution cannot agree? Is such a question to be left open to controversy? To sanction such a course of proceeding on the part of public officers, would lead to frauds and abuses, and to controversies and litigation. The property must be so pointed out and identified that no controversy can arise as to its identity—so that the purchaser may maintain replevin for the specific articles.

In this case no one could say which thirteen sheep were the property of the purchaser, when his bid was accepted and the sale closed. All the defendants participated in driving away the sheep. There was evidence against all of them, and the jury have found them all guilty. This is not a case where the purchaser acquired a good title, though there may be irregularities in the sale. Here all had notice of the manner of the

sale; a sale void in law, and from which no title can be derived by any one having notice.

It does not appear from the justice's return whether the plaintiff was called when the jury came into court, and rendered their verdict. And the point is now made that this is a fatal error, and *Shaw* v. *Raynor*, (3 *Denio*, 77,) is cited to sustain the position. In that case it appeared *affirmatively* from the return, that the justice called the plaintiff, and some *unknown person* answered, and it was held that the justice was bound to see that the plaintiff appeared in person, or by some person duly authorized, before he received the verdict. The case of *Baum* v. *Tarpenny*, (3 *Hill*, 75,) is like the present case. There it did not appear whether the plaintiff was called or was present, and it was held that when the justice has jurisdiction of the parties and the subject matter, it will be intended that the proceedings were regular, until the contrary appears. (*See also Oakly* v. *Van Horne*, 21 *Wend.* 305.)

The judgment must be affirmed.

SAME TERM.   *Before the same Justices.*