H. T. Ellitt, Special Judge,
delivered the opinion of the Court.
The heirs of Burford, in February, 1867, filed their petition and obtained an alternative mandamus, directed to Winters, as successor of Feltz, in the office of sheriff of Shelby County, to compel him to execute a deed for certain real estate sold by Feltz, on execution in January and May, 1861, and purchased by Burford. Cross was admitted as defendant under the provision of the Code, sec. 3571.
It appears that, in 1860, Burford recovered five judgments, and P. C. Bethell one judgment, against Cross and others. Executions on these judgments were *330 levied on. several distinct and separate parcels of land and lots, as tbe property of Cross; and this property was all sold on the 19th of January, 1861, and purchased by said Burford for the sum of $98.68. The returns on the executions state, generally, that the above described real estate was this day sold to L. P. C. Burford, for $98.68, he being the best and last bidder on the same.
Alias executions were then issued, and were levied in like manner, upon several other distinct and separate lots of land, which were sold on the 18th of May, 1861, when one of these lots, offered by itself, was bid off by a Mr. Page, and the said Burford became the purchaser of all the other lots described in the last named levy, for the sum of $6.55. No deeds were made to Burford by the sheriff.
The questions in the cause arise upon the foregoing facts:
That the writ of mandamus is an appropriate remedy in cases of this description, where the facts entitle the party to the relief, is not controverted. It is a general rule, that, whenever a statute gives power to, or imposes an obligation on, a particular person, to do some particular act or duty, and provides no specific remedy on non-performance, a mandamus will be granted: Tapping on Mandamus, 80, (30.)
But the prosecutor must be clothed with a clear, legal and equitable right to something which is properly the subject of the writ, and there must be no other specific legal remedy to enforce it: Tapping, 3, 4, 9 and 28.
*331 It must, therefore, be made to appear that the re-lators are clearly entitled to have a deed made to them for the property in question, or the peremptory writ, will be refused.
The relief sought is resisted mainly on the ground that, at both the sales, the sheriff sold two or more separate and distinct lots or parcels of land, together, and struck them off to the purchaser for a gross sum; and this, it is contended, was irregular and unlawful-
When several distinct parcels of property are levied on, it is the duty of the sheriff to make the sale in the manner best calculated to obtain the largest price, and to require the sale of the smallest amount of property to satisfy the debt. To this end, we think it necessary that each separate parcel should he offered and sold by itself. Any other mode of sale must operate oppressively towards the debtor, and tend to produce a sacrifice of his property.
It is unnecessary to say whether a sale by a sheriff, if several distinct and separate pieces of property together, in one lot, for an aggregate price, would be void on general principles. We incline to think, that such a sale ought to be regarded as fraud on the debtor, and therefore void. But it is enough that it would be voidable; and. surely no court having jurisdiction could hesitate to set aside such a sale at the instance of the debtor. The authorities to that effect, are numerous and pointed: Merwin et al. vs. Smith, 1 Green’s Ch. R., 196; Woods vs. Monell, 1 Johns. Ch. R., 502; Tiernan vs. Wilson, 6 Johns. Ch. R., 411; Hewson vs. Deygert, 8 Johns., 333; Sheldon vs. Soper, 14 Johns., *332 352; Jackson vs. Newton, 18 Johns., 353;, Rowley vs. Browne, 1 Binney, 61; Stead vs. Course, 4 Cranch, 403; Cannon vs. Jenkins, 1 Dev. Ev.. 422, 426; McLeod vs. Pierce, 2 Hawks., 110; McDonald vs. Neilson, 2 Cowen, 130; 2 Yeates’ Pa., 516, 517, 518; Allen on Sheriffs.
In the present case, the sale is, at least, voidable. The right of the purchaser to a deed is by no means clear, but rather, the reverse; and in that view alone, we could have no difficulty in saying that peremptory mandamus ought to be refused.
But we are prepared to go further. Our laws secure to every debtor the right to redeem his real estate, sold under execution, or at other forced sale, at any time within two years: Code, sec. 2124, et seq. These provisions give the right to redeem the whole, or any distinct and separate part of the land sold, and they are of a character to be liberally expounded to secure to the debtor the privilege to be granted; although the right of redemption must be strictly pursued in the mode prescribed by the statute.
This right to redeem cannot be exercised most beneficially by the debtor, unless the different parcels of land are sold separately, so that the price of each may be ascertained; and the statute must, therefore, be construed to require, as a condition of the validity of the sale, that each distinct parcel shall be put up and sold by itself.
That the sale was so made, must appear in some form, either by a return on the execution, or by proper recitals in the deed to the purchaser, or possibly by other means. In proceedings by mandamus, to com *333 pel the execution of the deed, the facts maybe averred • and proved by the relators.
In the absence of such a showing, the sale cannot be held valid to divest the title of the debtor; and of course, a peremptory mandamus, requiring the sheriff or his successor, to execute a deed to the purchaser, or his heirs, ought not to be awarded.
The judgment of the Court below ordering the issuance of a peremptory mandamus will, therefore, be reversed, and the cause remanded, with leave to the relators to amend.