By the Court.—Freedman, J.
The questions arising upon this appeal, were properly determined at special term. The sale, as conducted by the sheriff, was a violation of the statute in the particulars named, and no tide passed to the purchaser (Sheldon v. Soper, 14 Johns. 352; Cresson v. Stout, 17 Johns. 116; Warring v. Loomis, 4 Barb. 484; Stevens v. Eno, 10 Id. 95).
Every court of record, unless restrained by positive *127 enactment, has the power, on motion, to vacate its judgment or proéess to prevent a perversion thereof or to frustrate oppression. This power is constantly exercised by courts of equity, to relieve against sales of real property, and no reason can be assigned why it should not exist to prevent injustice flowing from an irregular and void sale of personal property.
We concede that its exercise calls for the employment of great caution and discrimination at all times, and in cases of personal property it should be exercised in extreme cases only, where no substantial right can be prejudiced by a summary examination.
In this case the power was properly exercised for the reasons stated by the learned chief justice at special term (see p. 53, ante).
The order should be affirmed, with costs.
Van Vorst and Speir, JJ., concurred.