BAKER *v.* CASEY.

## Joseph C. Baker v. John Casey.

*Sheriff's Sale of Personal property.* A sheriff's sale"of personal property, not then within the bailiwick of the sheriff, nor within the view of the bidders conveys no title.

*Water Craft act of 1864: Subjects of jurisdiction: Concurrent jurisdiction of certain Circuit Courts; Service of process.* A vessel to be subject to the jurisdiction of the state Water Craft act, must be one in use, or capable of use at the time of seizure; not a wreck, incapable of service.

Section 3 of the Water Craft act, (*Laws of 1864, p. 109,*) which confers concurrent jurisdiction upon the Circuit Courts of certain adjoining counties over all water craft within the limits of either county; and provides that process issued in either may be served in the waters of either, by the sheriff of either county, will not authorize the sheriff of one county to seize property out of his bailiwick, away from the water, nor to pursue and retake there, property which had once been in his custody, under the act.

*Heard October 14. Decided October 15.*

Error to Saginaw Circuit.

This was an action of assumpsit brought by Baker against Casey, before a Justice of the Peace for Saginaw County for the value of several pieces of engine and machinery, which were taken from plaintiff's possession in Saginaw County, the title to which he claimed through a chattel mortgage; and were carried away by the defendant, claiming title by virtue of a judgment and execution sale, under the Water Craft act of 1864, by which the wreck of the tug H. Johnson had been sold in Bay County, under proceedings in that county. The property, for the value of which this action was brought, was, at the time of the sale, in Saginaw County, some twelve miles distant from the place in Bay County, where the wreck was sold.

The plaintiff recovered a judgment before the Justice of $300; which the defendant appealed to the Circuit Court, where he obtained judgment, which the plaintiff brings into this Court by writ of error.

*W. L. Webber,* for plaintiff in error.

*Gage & James,* for defendant in error.

GRAVES J.

Baker prosecuted Casey in assumpsit before a Justice of the Peace to recover the value of certain articles which had formerly belonged to the steam tug " H. Johnson ;" and the Justice rendered judgment for the plaintiff for $300 damages, besides costs.

Casey appealed to the Circuit Court where judgment passed against the plaintiff, who then brought error to this Court.

In January 1867, the property in question was transferred by chattel mortgage from the owner to the plaintiff, and in the summer of 1867 the tug was wrecked by an explosion of her boiler on the Saginaw River, while the property in controversy, which was then used upon her, was on board. In the fall of that year one Rose and the defendant Casey commenced proceedings against the vessel under the act, commonly called the Water Craft law, in the Circuit Court for the County of Bay, and caused the wreck to be seized by the Sheriff.of that county, under a warrant issued in said proceedings.

After the seizure by the Sheriff and with knowledge of it, the agent of Baker, the mortgagee, removed the property in contest from the wreck to East Saginaw, under an understanding that it should be held subject to the Sheriff's order.

At this time, the wreck was at a ship yard at Portsmouth, in Bay County, some twelve miles distant from the place to which the other property was taken.

In April, 1868, the Circuit Court gave judgment in the proceedings, under the Water Craft law, against the tug, and decreed that the vessel together with her appurtenances, should be sold to pay the judgment, at public vendue, by the Sheriff, after a notice of ten days, to be published in the manner required by the statute in such case made and provided.

In execution of this judgment and decree the Sheriff of Bay County shortly afterward attended at the wreck in Portsmouth to make the sale directed by the Court. The property in controversy still remained, however, at East Saginaw. The Sheriff opened the sale by saying :

"Gentlemen, I will now proceed to sell this craft: I am offered $500 for it ;" and then declared to Casey that the property was his.

It is through this sale that the defendant claimed to have become owner of the property, and by means of it, to have extinguished the title of the plaintiff.

Aside from the proceedings and sale under the Water Craft law, it was not claimed that the defendant could make any defense to the action for the value of the property left at East Saginaw. And as the defendant deduced his right from the sale, of the invalidity of which we entertain no doubt, we shall confine ourselves to a ruling upon that point.

Whatever grounds may be suggested for discriminating between the formalities, and circumstantial requisites in a sale, under the law in question and other judicial sales, it seems impossible to support the sale in this case. The property in contest was not in view of bidders, or of the officer, nor near enough to be examined in any manner, or to be actually delivered, on being struck off, or at the close of the sale. It was twelve miles from the place of sale in another county and beyond the territorial jurisdiction of the officer.

In addition to this, it is to be observed, that the Sheriff seems to have confined his offer expressly to the wreck which was there present, and those things then actually connected with it, and to have made no reference whatever to the property at East Saginaw.

As several rulings of the Court below, which were excepted to and are assigned for error, were contrary to the views here expressed, the judgment of the Circuit Court must be reversed with costs and a new trial ordered.

BAKER *v.* CASEY.

CAMPBELL J.

I think the proceedings erroneous for the double reason that the property in dispute did not come fairly within the intent of the Water Craft law—(assuming it to be valid, which it is not necessary now to consider)—and that the Sheriff could not legally transfer it under the circumstances, while it was in another county. These reasons rest somewhat on the same legal foundation.

While the jurisdiction of admiralty has been extended very far, it does not depend on statute and therefore furnishes no aid in this case, and the present statute cannot be assumed to extend beyond its express provisions in authorizing these peculiar proceedings. It seems to contemplate that the subject of jurisdiction must be a vessel in use or capable of use at the time of seizure, and not a wreck incapable of service. It contemplates that the craft may at that time have a master as well as owners, and that it shall be in the water and not on the land. The sheriffs of different counties can go beyond their bailiwicks to serve process on the water, but not away from the water, and the thing seized is supposed to be capable of being brought within the county of jurisdiction when arrested. If this is so, the mass of materials proceeded against here could not be regarded as a vessel within the law, and there was no jurisdiction over it.

The chattels now in dispute were at the time of sale in another county, and, being on land, were not within the reach of the Sheriff of Bay County. He could not act officially where they were in store.

The statute is express that he shall deliver the property sold, and this property he could not deliver.

It could not under any circumstances be regarded as included in the sale, unless the bidders were informed that it would be so treated. But, not being in the county, it

was not within the Sheriff's control, and could not pass by his transfer, even supposing the hulk and engine to have been legally sold.

Judgment reversed, and a new trial ordered.

COOLEY CH. J. and CHRISTIANCY J. concurred in the foregoing opinions.