## *Ex parte* SUSAN A. DIXON on *Habeas Corpus.*

Summons of a Justice, When Void.—A summons issued by a Justice of the Peace and accompanied by an order of arrest must be returnable *immediately*, otherwise the same is void, and the judgment entered thereon is void.

CONSTABLE CANNOT SERVE PROCESS OUTSIDE OF HIS COUNTY. — A Constable has no authority to serve a summons and order of arrest beyond the limits of his county.

WHAT REVIEWABLE ON HABEAS CORPUS.—One imprisoned under a void judgment can review the same in proceedings on *habeas corpus*.

APPLICATION by petition to the Supreme Court to be released on writ of *habeas corpus*.

The material facts appear in the Opinion.

*G. C. Bates,* for Petitioner.

—————, Contra.

EMERSON, J., delivered the Opinion of the Court.

The return to the writ of *habeas corpus* does not controvert the facts stated in the petition. From the petition and return, it appears that petitioner was arrested at Ogden, in the County of Weber, on an order of arrest made by a Justice of the Peace of Salt Lake City and County, endorsed on a summons issued by him on an indebtedness on a contract.

The summons was issued and the order of arrest made on the 10th day of January, 1875, and the summons was returnable on the 21st day of the same month, and was served by a constable of Salt Lake City. A judgment appears to have been rendered in the case, and an execution issued against the person of the petitioner. Being taken into custody on that execution, she obtained from this Court the writ of *habeas corpus* to be relieved from that restraint.

The proceedings above mentioned were insufficient to give the Justice of the Peace jurisdiction of the person of the petitioner. The judgment and execution are therefore void. A summons which is accompanied by an order of arrest is required to be returnable *immediately.* (Sec. 515, Practice Act.

The constable had no authority to serve the summons and order of arrest beyond the limits of Salt Lake County.

Relief may be had by *habeas corpus* from imprisonment or restraint under a void judgment. (Hurd on *Habeas Corpus*, pp. 332, 344; Howard *v.* People, 3 Mich.. 207; People *v.* Cassels, 5 Hill 167; *Ex parte* McCullough, 35 Cal. 97; *Ex parte* Large, 18 Wall 162).

The proceedings, under which the petitioner is held, being void, she must be discharged. And it is so ordered.

McKEAN, C. J. and BOREMAN, J., concurred.