GEORGE E. HATCH AND JOSHUA EMERY v. FRANK M. SAUNDERS.

*Capias ad respondendum—Sufficiency of affidavit—Arrest of defendant—Erroneous statement as to residence in affidavit—Action against sheriff for neglect of duty—Evidence.*

1. The affidavit for *capias* set forth in the opinion is held sufficient to authorize the issuance of the writ, the *falsity* of the representations being positively stated as of the *knowledge* of the affiant, and in this respect being distinguishable from *Sheridan v. Briggs*, 53 Mich. 571.

2. An affidavit to hold to bail need not be entitled in the cause for the commencement of which it is the foundation.

3. A defendant in a suit commenced by *capias ad respondendum*, by plaintiffs residing out of this State, can only be arrested in the county where he is a resident.

4. An affidavit to hold to bail in a *capias* suit brought by non-resident plaintiffs described the defendant as " of the city of Niles," his residence being in the county of Cass, where the suit was commenced. On the trial the plaintiffs were not permitted to show the *fact* of such residence, the court holding that the affidavit showed the defendant to be a resident of Berrien county, in which the city of Niles is located.

   *Held*, that the recital in the affidavit was not such an averment of residence as precluded the plaintiffs from showing defendant's *actual* residence.

5. On the trial of a suit against a sheriff for negligence in not arresting a defendant on a *capias*, who was charged with obtaining a bill of merchandise by means of false representations as to his financial standing, it is competent to show what said defendant said in regard to his circumstances at the time he purchased the goods.

6. In such a case the sheriff returned to the *capias* that, after diligent search and inquiry, he was unable to find the defendant in his county, and on the trial plaintiffs offered to show that the defendant was *actually* taken into custody by the under-sheriff, who allowed him to escape, which testimony was objected to as contradicting the sheriff's return, and excluded.

   *Held*, that the testimony was competent, and should have been admitted.

7. In *such* a case plaintiffs' book-keeper, having testified to the sale of the goods to the defendant in the *capias* suit, stated on cross-examination that defendant was arrested in a prior suit in justice's court for the same cause of action, but the case was not tried.

*Held,* that the testimony regarding said justice's court suit. should have been stricken out on motion of plaintiffs' attorney.

Error to Cass.     (Smith, J.)     Argued April 8, 1887. Decided June 9, 1887.

Case.     Plaintiffs bring error.     Reversed.     The facts are stated in the opinion, and in head-notes 5, 6, and 7.

*James A. Kellogg* and *George F. Edwards,* for appellants.. *Howell & Carr,* for defendant.

SHERWOOD, J.     This suit was commenced by declaration against the defendant, who was sheriff of Cass county, and. contains two counts.

The first charges that the sheriff permitted one Patrick F. O'Neil to escape from his custody after having arrested him on a *capias ad respondendum,* at the suit of the plaintiffs, whereby the "plaintiffs have been and are greatly injured and delayed in the recovery of their debt" against O'Neil, "and are likely to lose the same, * * * and have lost and been deprived of the means of recovering their costs. and charges" against him.

The second count alleges negligence in the sheriff for not arresting O'Neil on the *capias,* and lays the plaintiffs' damages at the sum of one thousand dollars.

The defendant pleaded the general issue.     The cause was tried in the Cass circuit, before Hon. Andrew J. Smith, circuit judge, who at the close of the trial directed a verdict for the defendant.     Plaintiffs bring error.

The record before us contains a bill of exceptions giving all the testimony taken.     From it it appears the plaintiffs

were a firm residing and doing business in Chicago. This business was wholesaling boots and shoes. The defendant was engaged in the boot and shoe trade in the city of Niles, and made purchases of stock of the plaintiffs, and became indebted to them therefor to the amount of $434.28, and for the recovery of this amount suit was brought and the *capias* issued. The affidavit upon which the writ was issued reads as follows:

"STATE OF MICHIGAN, } ss.
    County of Berrien, }

"William Wyatt, being duly sworn, deposes and says that he is the agent of George E. Hatch and Joshua Emery, copartners as Hatch & Emery, and doing business as such in the city of Chicago, in the state of Illinois, and as such agent, on behalf of said Hatch & Emery, makes this affidavit, and deposes and says that Patrick F. O'Neil, of the city of Niles, was at said city lately engaged in the retail trade of selling boots and shoes, and had there a stock of boots and shoes, and deponent was then and there the agent and traveling salesman for said firm of Hatch & Emery, as aforesaid, and said Patrick F. O'Neil made application to deponent, and desired to purchase on credit a bill of goods for his said stock and store aforesaid. Thereupon, and before taking the order of said Patrick F. O'Neil, and giving him credit therefor, deponent, in behalf of said Hatch & Emery, desired to know of said O'Neil what his financial circumstances then were, and what property said O'Neil then had, and what his ability to 'pay for the goods deponent should thereafter sell and deliver to him, said Patrick F. O'Neil.

"Whereupon said Patrick F. O'Neil, for the purpose of procuring from said Hatch & Emery a bill of goods through this deponent as agent and salesman for said Hatch & Emery, and for the purpose of obtaining a credit for a period of thirty days with said firm of Hatch & Emery, then and there stated to this deponent that he, the said Patrick F. O'Neil, then had a stock of goods, consisting of boots and shoes, of the value of three thousand dollars, and that he had on that day, to wit, September 4, 1885, paid the last dollar he owed for his said stock, and said he had one hundred dollars cash on hand, and did not owe one dollar to anybody, and was out of debt.

"And deponent, believing such statement so made to him as aforesaid as true, did make known the same to the said firm of Hatch & Emery, and there and then did sell on credit and take the order of said Patrick F. O'Neil, and communicated the same to said firm of Hatch & Emery, who thereupon, believing said representations, and relying upon the representations and report thereof made by deponent, then and there did deliver to said Patrick F. O'Neil goods, consisting of boots and shoes, of the value of four hundred and thirty-four 28-100 dollars.

"Deponent further says that said statement, so made as aforesaid by said Patrick F. O'Neil to deponont, was made for the express purpose and with the intent to defraud said Hatch & Emery of said bill of goods of the value of four hundred and thirty-four 28-100 dollars as aforesaid ; that said representations, when so made, were false in every particular, and said Patrick F. O'Neil knew the same were absolutely false, and knew that he did not have a stock of goods of the value of three thousand dollars, and knew that the same did not exceed in value $1,000, and knew that he was not out of debt, and knew that he was indebted in a large sum of money to divers persons, and had not paid all his indebtedness on said stock, and did owe a large amount for said stock, and did not have on hand one hundred dollars in money, and knew that he could never pay for said bill of goods, and then knew he never intended to pay for the same, and knew that he intended to cheat and defraud said Hatch & Emery of the same.

"Deponent further says that soon after said Patrick F. O'Neil ordered and received said bill of goods he sold, assigned, and transferred his entire stock of goods to his father, Michael O'Neil, the consideration for which said sale and transfer was a prior indebtedness, and for the purpose of defrauding the said Hatch & Emery.

"And this deponent further says that he verily believes that upon the aforesaid facts said Hatch & Emery have a good cause of action against Patrick F. O'Neil in an action of trespass on the case, as stated in annexed writ, and claims damages in the sum of five hundred dollars.

                                   "WILLIAM W. WYATT.

"Subscribed and sworn to before me this ninth day of December, A. D. 1885.

          "WILFORD M. HUTTON, Notary Public, Berrien Co., Mich."

The writ is in the usual form, dated the ninth day of December, 1885, and indorsed thereon, dated December 11, is the undertaking of C. Fairbanks, as security for costs. It also contains a return written thereon, dated the first day of March, 1886, made by the defendant as sheriff, in which he says:

"I, Frank M. Saunders, sheriff of the county of Cass, do hereby certify and return that, after diligent search and inquiry, I am unable to find the within-named defendant, Patrick F. O'Neil, within my bailiwick."

The plaintiffs aver in the declaration that the said Patrick F. O'Neil was, from the time of the delivery of the writ to the sheriff for service until the making of his return on the first day of March aforesaid, within the said county of Cass, and that the sheriff might have arrested him at any time during said period if he had desired, and had notice of his whereabouts.

I think the affidavit was sufficient to give the court jurisdiction to issue the writ against O'Neil. I do not regard it subject to the infirmity pointed out in *Sheridan v. Briggs*, 53 Mich. 571. The falsity of the representations in the present case made by O'Neil are positively stated as of the knowledge of the affiant. It is a substantial compliance with the requirement of the statute, and is clearly within the rule laid down by this Court in *Proctor v. Prout*, 17 Mich. 473; *Brown v. Kelly*, 20 Id. 27; *Badger v. Reade*, 39 Id. 771; *Watson v. Judge Sup. Court of Detroit*, 40 Id. 729; *Pease v. Pendell*, 57 Id. 315; *Stensrud v. Delamater*, 56 Id. 144.

It was not necessary that the affidavit should be entitled in the cause. Really no cause was pending when the affidavit was made, the affidavit being the basis upon which to commence the cause or suit.

The defendant could only be arrested in the county where he was a resident, in this case. How. Stat. § 7547; *Detroit*

*F. & M. Ins. Co. v. Judge Saginaw Circuit,* 23 Mich. 492; *Haywood v. Johnson,* 41 Id. 598; *Turrill v. Walker,* 4 Id. 177; *Atkins v. Borstler,* 46 Id. 552.

It is claimed by counsel for defendant that at the time the writ was issued defendant was a resident of Berrien county, and not of the county of Cass, and that this fact appears in the affidavit for arrest. It is true the affidavit, in speaking of the defendant, represents him "of the city of Niles," which is in Berrien county; but this is not such an averment of his residence as will preclude the plaintiffs from showing that his actual residence was in the county of Cass at the time the suit was commenced. This the plaintiffs proposed to do at the trial, but were overruled by the circuit judge. This ruling was erroneous.

There is nothing appearing upon the face of the proceedings in the case wherein the *capias* issued showing them void, and with the proof offered complete jurisdiction in the court issuing the writ would have appeared. The plaintiffs were entitled to put in their proofs and have their case tried by the jury, and the ruling of the circuit judge otherwise was incorrect.

The testimony offered by the plaintiffs to show what O'Neil said in regard to his circumstances at the time the plaintiffs' agent sold defendant goods was competent, and should have been admitted. It was also competent to show that O'Neil was arrested by the sheriff or his deputy; and, under the pleadings in this case, the circuit judge should have granted the motion of plaintiffs' counsel to strike out the testimony relating to the prosecution of the defendant upon the same charge as in the case in which the *capias* was issued; and the court erred in making his several rulings in these matters.

Several questions were discussed in the briefs of counsel which need not now be considered. For the errors above

referred to, I think the judgment should be reversed, and a new trial granted.

CHAMPLIN and MORSE, JJ., concurred.

CAMPBELL, C. J. (*dissenting*). I do not think the *capias* could issue from Cass county on an affidavit stating defendant lived in Berrien. I think there should be an affirmance.