## *In re* EDWARD BAUM.

### No. 11,579.   (58 Pac. 958.)

1. PRACTICE, JUSTICE OF THE PEACE—*Civil Order of Arrest.* An order of arrest in a civil action will not go, and may not be executed, beyond the territorial limits of the county in which it is issued.

2. EVIDENCE—*Presumption of Law.* In the absence of affirmative statement or action, the presumption is that a person wrongfully arrested and illegally held in custody did not consent to the wrong or waive the illegality.

3. ———— *Justice's Docket Impeachable.* While the entries in the docket of a justice of the peace are some evidence of the proceedings had before him, they do not have the unimpeachable quality of the orders and judgments of a court of record.

Original proceeding in *habeas corpus.*   Opinion filed November 11, 1899.   Petitioner released.

*Flintoft Smith,* for petitioner.

*J. J. Baker,* for respondent.

The opinion of the court was delivered by

JOHNSTON, J.: On September 11, 1899, a civil action was commenced by Adam Taylor against Edward Baum before a justice of the peace of Doniphan county. At the same time an order of arrest was issued by the justice of the peace, directed to the sheriff of Doniphan county, and upon this order Baum was arrested on the 12th day of September in Brown county and taken to Doniphan county, where he was placed in the county jail.   The case was continued from day to day until September 15, when a special appearance was made in behalf of the petitioner before the justice of the peace, and a motion made to discharge the petitioner and set aside the service of summons for the reason that the court did not have jurisdiction.   It was then

shown that the order was served by a Doniphan county officer within the limits of Brown county, and that while Baum was in the custody of the officer in Doniphan county the summons in the case was served on him. The motion to discharge Baum and set aside the service of summons, however, was overruled and Baum was again committed to the custody of the sheriff. He instituted this proceeding to obtain his release, and the first question presented is whether an officer may execute an order of arrest beyond the territorial limits of the county in which it was issued.

The order was issued in an ordinary civil action for the recovery of money, and must be regarded as civil process. In civil actions the jurisdiction of a justice of the peace is limited to the county in which he resides and for which he has been elected. There is nothing in the code which expressly, or by necessary implication, authorizes a justice of the peace to send, or an officer to execute, an order of arrest outside the limits of his county. Specific authority is given for the execution of a warrant in a criminal case in any county of the state, and the officer holding such warrant may exercise the same authority in apprehending the criminal outside as he can inside his county. While the order of arrest has the form and some of the characteristics of criminal process, it is issued in a civil proceeding, and in the absence of express provision cannot have the force and effect of criminal process. Instead of that, section 153 of the civil code (Gen. Stat. 1897, ch. 95, § 153; Gen. Stat. 1899, § 4403), prescribing the procedure of arrest and bail in the district court, contains an express prohibition that "orders of arrest shall not be issued to any other than the county in which the action is brought." While no such language is found in the justices' code,

*In re* Baum.

it cannot be that the legislature intended that an order of arrest issued by a justice of the peace should be more far-reaching and effective than one issued from the district court.  On the other hand, section 185 of the justices' code (Gen. Stat. 1897, ch. 103, § 14; Gen. Stat. 1899, § 5229) provides that provisions of the code of civil procedure which are in their nature applicable to the jurisdiction and proceedings before justices, and in respect to which no special provision is made in the justices' code, shall apply to proceedings before justices of the peace.  There being no special provision in the justices' code, the prohibition in section 153 of the civil code (Gen. Stat. 1897, ch. 95, § 153; Gen. Stat. 1899, § 4403) fairly applies, and prevents the service of the order beyond the limits of the county.

It is contended that the illegality of the arrest and the unlawful custody of Baum were waived and cured by his conduct when he was first brought before the justice of the peace.  At that time the case was continued, and the following entry was made on the justice's docket: "September 12, 1899, parties being in court by consent, case continued to September 14, 1899."  In the hearing before this court it was shown that Baum was first placed in the jail of Doniphan county, and from the jail was taken before the justice of the peace in the night, without counsel.  The plaintiff, not being ready to proceed, asked for a continuance, and when Baum was asked what he desired in the matter he said: "I have nothing to say."  The contention is that the docket entry is not open to dispute, and has the conclusive force of a record recital of a court of record.  The justice's entry is not conclusive.  His is an inferior court of limited jurisdiction.  Not being a court of record, such entries or

statements as may be made by the justice are not unimpeachable. The entries in a justice's docket are some evidence of the proceedings had, but they do not have the conclusive quality of like entries in the journals of courts of record. In Freeman on Judgments, section 517, in speaking of courts not of record, it is said:

"Any return or statement in relation to jurisdiction found among the papers, minutes, or other written matter kept by these courts seems to be but *prima facie* evidence; in opposition to which it may be shown, by any satisfactory means of proof, that the authority of the court did not extend over the matter in controversy, or over the parties to the suit."

The mere silence of Baum cannot under the circumstances be interpreted as an assent or waiver. He had been wrongfully arrested and was illegally in custody, and in the absence of an affirmative statement or action the presumption must be that the person so wrongfully and unlawfully held did not consent to the wrong, waive the illegality, or surrender the rights which accrued to him by reason of the wrong and illegality. In our view, this presumption and the oral testimony overcome the *prima facie* evidence of the docket entry, and therefore the petitioner is entitled to the writ and to be released from the unlawful custody.