McLEOD *v.* WAYNE CIRCUIT JUDGE.

CAPIAS—AFFIDAVIT—SUFFICIENCY.

. *An affidavit for a *capias* alleged that defendants represented to affiant that they were vendees in a land contract, owned an equity of redemption in the land, were in possession, receiving $15 per month rent; that affiant purchased the land relying on those representations; that he went to take possession, and then learned that the contract had been for. feited, annulled, and canceled by a suit at law; that the vendor was in possession, and refused to recognize any right in affiant; that said contract was in fact forfeited and annulled; that affiant tendered back to defendants the land contract, and demanded a reconveyance of the land deeded by affiant to them in exchange; that they refused; and that these statements were true of affiant's own knowledge. *Held*, that the affidavit was sufficient to sustain the writ.

*Mandamus* by Charles McLeod to compel Byron S. Waite, circuit judge of Wayne county, to vacate an order quashing a writ of *capias ad respondendum*. Submitted October 30, 1900. Writ granted December 4, 1900.

Relator commenced a suit by *capias* against two persons named James N. and Frank E. Matthews. The proceedings were quashed for a defective affidavit. Relator exchanged land with the defendants, Matthews. The affidavit states that the Matthewses represented that they owned an equity in the land they deeded to him by virtue

---

*Head-note by GRANT, J.

of a land contract; that they were in possession, and collecting $15 per month rent; that he made the trade relying upon these representations.    The further material part of the affidavit is as follows:

"This deponent says that he thereupon went to take possession and collect the rents of the premises described in said land contract assigned to him by said James N. Matthews and Frank E. Matthews, as aforesaid, when he learned for the first time that said contract had been declared forfeited, and that the vendor therein had taken proceedings by suit at law, and said contract had been annulled and canceled, and the property taken away from the said James N. Matthews and Frank E. Matthews, prior to the transfer and assignment of said contract to this deponent, and the vendor in said contract was in possession of the premises, collecting the rents therefrom, and refused to recognize said assignment, or that this deponent or said James N. Matthews or Frank E. Matthews had any right, title, or interest in said premises whatever by virtue of said contract; and this deponent says that said contract had been forfeited and annulled by the vendor therein prior to said assignment to him by said James N. Matthews and Frank E. Matthews, and they had no right, title, or interest whatever in said premises, and were not in possession, nor collecting the rents thereof, at the time of the assignment of said contract to this deponent.

"This deponent further says that, after he discovered that said James N. Matthews and Frank E. Matthews had no right, title, or interest in the premises mentioned in said contract, he tendered back to said James N. Matthews and Frank E. Matthews said land contract, and demanded from them a reconveyance of his property which he had given them in exchange therefor, but they absolutely refused, and still refuse, to reconvey the same to this deponent.

"This deponent further represents that the foregoing statements are true of his own personal knowledge, and that, by reason of the false and fraudulent representations and acts of the said James N. Matthews and Frank E. Matthews, this deponent has been damaged to the amount of one thousand dollars; and further says not."

*Charles Kudner*, for relator.

*Julian G. Dickinson*, for respondent.

PER CURIAM (*after stating the facts*).  We think the affidavit sufficient, within the following authorities: *Paulus* v. *Grobben*, 104 Mich. 42 (62 N., W. 160); *Hatch* v. *Saunders*, 66 Mich. 181 (33 N. W. 178).

The writ will issue.