## AHLREP v. HUGHES, SHERIFF, ET AL.
### (No. 614.)

ARREST IN CIVIL ACTIONS.

1. An order of arrest in a civil action before judgment can be 'lawfully executed only in the county in which it is issued.  (Rev. Stat. 1899, Sec. 3964.)

[Decided July 15, 1909.]                     (102 Pac. 659.)

ORIGINAL proceedings in habeas corpus.

The facts are stated in the opinion.

*Wilfrid O'Leary,* for the plaintiff.

BEARD, JUSTICE.

This is a proceeding in habeas corpus heard originally in this court.  In the absence of the judge of the District Court, the petition was presented to the writer of this opinion, who issued the writ and made the same returnable before the Supreme Court.  The Sheriff of Laramie County states in his return to the writ that he holds the plaintiff at the request and by the direction of the Sheriff of Fremont County, who holds an order of arrest of said plaintiff.  The Sheriff of Fremont County states in his return that the plaintiff is held in custody by the Sheriff of Laramie County by virtue of the authority of an order of arrest issued out of the District Court of Fremont County by the Clerk of said court; that the plaintiff was arrested in Laramie County on July 11, 1909, by the Sheriff of said county, and by him held in custody until he,

the Sheriff of Fremont County, could take plaintiff into his custody, and that said arrest and detetnion was at his request and by his direction. He attaches to his return certified copies of the order of arrest and all papers filed in the case in the District Court of Fremont County, from which it appears that one M. N. Baldwin commenced an action in said court against the plaintiff to recover the sum of $510.81 and interest, and caused an attachment to issue against the property of the defendant in that action, the plaintiff here, and also filed in said court an affidavit and undertaking for an order for the arrest of the defendant in said action, and procured from the Clerk of said court the order of arrest under which the defendants here claim to justify the arrest and detention of the plaintiff. The plaintiff filed a general demurrer to the returns and the case was heard by the court upon the issues thus presented.

The order of arrest in this case was issued under the provisions of Section 3958 *et seq.,* R. S. 1899, providing for the arrest of a defendant in a civil action before judgment, and there is no claim that the order in this instance was not properly issued; but that, under the provisions of Section 3964, which provides that such order of arrest shall not be issued to any other than the county in which the action is brought, the defandant could not be lawfully arrested and detained in any other than Fremont County. By the plain provisions of this section of the statute the order of arrest could not issue to the Sheriff of Laramie County, and he was therefore without authority to arrest or detain the plaintiff, who was not charged with any crime, nor is it a case where an arrest is authorized without a warrant.

The order of arrest in this case is a process in a civil action brought in Fremont County, and could be executed by the Sheriff of that county only within that county. It is unlike a warrant in a criminal case which the officer may serve in any county in the State. The Supreme Court of Kansas in considering the statute of that state, which

is in the identical language of our own, said: "While the order of arrest has the form and some of the characteristics of criminal process, it is issued in a civil proceeding, and in the absence of express provision cannot have the force and effect of criminal process." And it was there held that service of such an order of arrest could not be made outside of the county where the action was brought. (*In re.* Baum, 61 Kan. 117. See also *Ex parte* Dixon, 1 Utah, 192; Page v. Staples, 13 R. I. 306.) A statute of Michigan provided that certain civil actions should be commenced in the county of defendant's residence; and it was held that the defendant could only be arrested in the county where he was a resident, in such case. (Hatch v. Saunders, 66 Mich. 181.) Neither of the defendants having authority to arrest or detain the plaintiff in Laramie County, his restraint is illegal and he is entitled to be discharged from custody, and it is so ordered.

*Petitioner discharged.*

Potter, C. J., concurs.

Scott, J., did not sit.