No. 21,283.

## *In re* the Disbarment of LESLIE L. ANDERSON.

### SYLLABUS BY THE COURT.

ATTORNEY AT LAW—*Convicted of Misdemeanor Before Justice of Peace— Does Not Work a Disbarment.* Section 486 of the General Statutes of 1915, directing this court to enter an order disbarring an attorney convicted of a felony or of a misdemeanor involving moral turpitude, on receiving from the clerk of the court in which the conviction occurred a certified copy of the record of conviction, applies only to conviction in a court of record having a clerk, and not to conviction before a justice of the peace.

Original proceeding in disbarment. Opinion filed November 10, 1917. Order of disbarment refused.

*S. M. Brewster,* attorney-general, for the accusers; *F. P. Lindsay,* of Topeka, of counsel.

*George E. McMahon,* of Anthony, for the accused.

The opinion of the court was delivered by

BURCH, J.: The purpose of the proceeding is the disbarment of Leslie L. Anderson, an attorney at law. He was convicted of a misdemeanor before a justice of the peace, and an order of disbarment is asked on a certified transcript of the docket entries of the justice of the peace filed here, under section 486, General Statutes of 1915, which reads as follows:

"That in the case of the conviction of an attorney at law, who has been admitted to the bar of this state, of a felony or of a misdemeanor involving moral turpitude, the clerk of the court in which such conviction is had must within thirty days thereafter, transmit to the supreme court a certified copy of the record of conviction, and the supreme court upon receipt of such record, must enter an order disbarring such attorney. Upon reversal of such conviction, or pardon by the governor, the supreme court shall have the power to vacate such order of disbarment."

A justice of the peace is a court of inferior and limited jurisdiction, known in this state as a court not of record. He has no clerk, is not his own clerk, and his docket entries do not have the quality of entries on the journal of a court of record. (*In re Baum,* 61 Kan. 117, 58 Pac. 958.) Therefore the statute does not sustain the proceeding.

The legislature had good reason for confining the operation of the statute to convictions in courts of record. The disbarment provided for is legislative rather than judicial. To the ordinary consequences of conviction is added the prohibition to practice as an attorney, and this court is required to perform the essentially ministerial duty of entering an order of disbarment on receipt of a certified copy of the record of conviction. The result is that conviction virtually accomplishes disbarment. The offense must be a serious one, felony or misdemeanor involving moral turpitude, and the conviction ought to take place in a court of superior jurisdiction and dignity, whose records are formally made up and kept by an officer provided by law for the purpose, and whose records are not merely *prima facie* evidence, subject to impeachment the same as statements written by a justice of the peace on his docket (*In re Baum*, supra), but are conclusive.

An order of disbarment is refused.

WEST, J. (concurring specially) : I concur, but by no means wish to be understood as conceding that the legislature can direct this court what sort of an order to make in this or any other proceeding.