WHITEHEAD *v.* VAN BUREN CIRCUIT JUDGE.

1. ARREST—CAPIAS AD RESPONDENDUM.
   A suit by *capias* is a civil action.

2. PROCESS—SHERIFF—JURISDICTION.
   A sheriff is a county officer, and has no jurisdiction to serve process outside the limits of his own county unless specially authorized to do so.

3. ARREST—PROCESS—CAPIAS AD RESPONDENDUM.
   There being no express provision in the statute (3 Comp. Laws 1915, § 12414 *et seq.*) relative to the issue, service, and return of writs of *capias ad respondendum*, authorizing service outside of the county in which the writ issues, a sheriff to whom a writ of *capias* issued was without authority to make arrest thereunder in another county.

4. PROCESS—ARREST.
   Civil process may be served by any competent person except where seizure of person or property is commanded therein.

Mandamus by George Whitehead to compel Charles B. Collingwood, presiding circuit judge of Van Buren county, to set aside an order denying a motion for a discharge from *capias ad respondendum* proceedings. Submitted October 17, 1922. (Calendar No. 30,433.) Writ granted November 2, 1922.

*Thomas J. Cavanaugh* and *Earl L. Burhans,* for plaintiff.

*David Anderson* and *Glenn E. Warner,* for defendant.

SHARPE, J. The plaintiff was arrested in St. Joseph county under a writ of *capias ad respondendum* issued

out of the circuit court of Van Buren county. He moved for his discharge for the reason, among others, that the sheriff of Van Buren county had no authority to make the arrest in another county. We are asked to require the defendant to set aside the order denying this motion and to grant the same.

Our statutory provisions relative to the issue, service and return of such writs will be found in 3 Comp. Laws 1915, § 12414 *et seq.* No express provision will be found authorizing service outside the county in which the writ issues. A suit by *capias* is a civil action. *Pennock* v. *Fuller*, 41 Mich. 153 (32 Am. Rep. 148). While the jurisdiction of circuit courts is general over the subject-matter here involved, in respect to persons and property, it cannot be exercised beyond the limits of the county except in cases where special provision is made therefor. *Turrill* v. *Walker*, 4 Mich. 177, 180. Civil process may be served by any competent person except where seizure of person or property is commanded therein. A sheriff is a county officer and has no jurisdiction to serve process outside the limits of his county unless specially authorized to do so. The fact that such special authorization is conferred in certain cases tends to negative the claim that such authority exists in other cases. The rule is thus stated:

"The sheriff being a county officer, his authority extends over the entire county; and as a general rule his authority is limited to his own county." 35 Cyc. p. 1528.

"An officer has no right to make an arrest under civil process beyond the limits either of his own jurisdiction, or those of the officer or court issuing the process except on fresh pursuit after an escape." 5 C. J. p. 507.

It was so held in the early English case of *Hammond*

v. *Taylor*, 3 Barn. & Ald. 408, 106 Reprint 712; *In re Baum*, 61 Kan. 117 (58 Pac. 958) ; *Ahlrep* v. *Hughes*, 18 Wyo. 51 (102 Pac. 659, Ann. Cas. 1912B, 1375). See, also, *Baker* v. *Casey*, 19 Mich. 220.

The writ will issue as prayed, with costs against the plaintiff in the original suit.

FELLOWS, C. J., and WIEST, MCDONALD, CLARK, BIRD, MOORE, and STEERE, JJ., concurred.