No. 30,258.

In re the Disbarment of EVERETT C. MINNER.

(3 P. 2d 473.)

Opinion filed October 10, 1931.

*Roland Boynton,* attorney-general, *R. O. Mason,* assistant attorney-general, *A. M. Keene,* of Fort Scott, *W. F. Lilleston,* of Wichita, *James V. Humphrey,* of Junction City, *Fred Robertson,* of Kansas City, and *T. M. Lillard,* of Topeka, for the accusers.

*Carl Van Riper,* of Dodge City, *Thomas F. Doran, Clayton E. Kline, Harry W. Colmery* and *M. F. Cosgrove,* all of Topeka, for the accused.

The opinion of the court was delivered by

HUTCHISON, J.: This is a special proceeding to determine whether an attorney at law who has been convicted in the federal court of

the offense of conspiracy to violate the national prohibition act and has been sentenced to pay a fine of $10,000 and to serve two years in the federal penitentiary at Leavenworth, Kan., should be disbarred from the practice of law under the terms and provisions of R. S. 7-110, which are as follows:

"That in the case of the conviction of an attorney at law, who has been admitted to the bar of this state, of a felony or of a misdemeanor involving moral turpitude, the clerk of the court in which such conviction is had must within thirty days thereafter transmit to the supreme court a certified copy of the record of conviction, and the supreme court upon receipt of such record must enter an order disbarring such attorney. Upon reversal of such conviction, or pardon by the governor, the supreme court shall have the power to vacate such order of disbarment."

Upon receipt of the certified copy of the record of such conviction in the United States district court for the district of Kansas, second division, this court directed a citation to the accused, Everett C. Minner, to show cause why an order should not be entered in pursuance of the requirements of the statute disbarring him from the practice of law. In response thereto the accused filed an answer admitting the conviction and sentence, but denying any guilt and showing the steps taken by him to perfect his appeal, and asking delay in these proceedings until the determination of the appeal. To this the attorney-general has filed a general demurrer on the ground that the answer fails to state facts sufficient to justify the court in withholding its order disbarring the accused.

The following stipulation is on file and is to be considered in connection with the answer:

"It is hereby stipulated and agreed that Everett C. Minner was convicted of a felony, the same being the offense of conspiracy to violate the national prohibition act, the same being the federal statute; that the conviction was in the United States district court for the district of Kansas, second division.

"It is further stipulated and agreed that said Everett C. Minner has not been convicted of any offense against the state of Kansas and has never been convicted in a state court of the state of Kansas."

The contention of the accused is that the provisions of the disbarment statute, above quoted, do not apply to a conviction under a federal statute and in a federal court, but only to a violation of a state law and to a conviction in a state court, and in support of his theory cites and relies upon the decision of *In re Sanford,* 117 Kan. 750, 232 Pac. 1053. The court in that case was distinguishing between a conviction under a city ordinance, in a police court, and

a conviction under a state statute in a state court, and did in that connection refer to the violation of state laws and conviction in state courts, but only to show the distinction and why one convicted of the violation of a city ordinance in a police court was not subject to the disbarment proceedings of R. S. 7-110. The entire gist of the decision was to the effect that the violation of a city ordinance was not the kind and character of an offense referred to in the disbarment statute and that the police court was not a court of record. The whole purview of the decision goes directly to such conclusion and not to any suggestion or attempt, in making the comparison, to limit the matter to the violations of state laws and convictions in state courts. This decision followed in point of time, as well as approval, the decision of *In re Anderson*, 101 Kan. 759, 168 Pac. 868, where the same result was reached as to violation of a state law where the conviction was obtained in the court of a justice of the peace, which is not a court of record.

The urgent plea for delay or postponement of the order of disbarment until the appeal can be heard and determined is not in harmony with the terms of the statute, which itself makes specific provisions, in the last sentence of the statute above quoted, for the reinstatement of the accused in case of a reversal of the conviction. This forcibly implies the legislative purpose of avoiding such delays. It was held in *In re Casebier*, 129 Kan. 853, 284 Pac. 611, that such plea and request under this statute were not persuasive and should not be sustained.

There is no question about the offense of which the accused was convicted being a felony. Section 335 of the U. S. Criminal Code provides:

"All offenses which may be punished by death, or imprisonment for a term exceeding one year, shall be deemed felonies. All other offenses shall be deemed misdemeanors." (35 Stat. 1152; 18 U. S. C. A., § 541.)

New York has a disbarment statute very similar to ours. It is under the heading of Judiciary Law, and section 477 provides:

"Any person being an attorney and counselor at law who shall be convicted of a felony shall upon such conviction cease to be an attorney and counselor at law or to be competent to practice law as such."

Subdivision 3 of section 88 of the same Judiciary Law provides:

"Whenever an attorney and counselor at law shall be convicted of a felony, there may be presented to the appellate division of the supreme court a certified or exemplified copy of the judgment of such conviction, and thereupon

the name of such person so convicted shall, by order of the court, be stricken from the roll of attorneys."

And in the *Matter of Lindheim*, 195 N. Y. App. Div. 827, it was held:

"Where an attorney has been convicted in the federal courts of the crime of conspiracy, which is a felony within the definition of section 335 of the United States Criminal Code, he automatically ceases to be an attorney or competent to practice as such, by force of section 477 of the Judiciary Law, and under subdivision 3 of section 88 of the Judiciary Law the appellate division must strike his name from the roll on presentation of a certified or exemplified copy of the judgment of conviction . . ." (Syl.)

The same rule was applied and followed in *Matter of Felder*, 214 N. Y. App. Div. 57, and in *Matter of Ackerson*, 218 N. Y. App. Div. 388. The crime in all three cases was conspiracy, which was a felony under the federal law but only a misdemeanor under the statutes of New York, but the court in the opinion in the Ackerson case, *supra*, referring to the two earlier cases, held:

"This court has always held that it was obligated under section 477 of the Judiciary Law to disbar an attorney upon his conviction in the federal courts of a crime created a felony by the laws of the United States." (p. 392.)

The supreme court of South Dakota in *In re Kirby*, 10 S. D. 322, held that conviction of an attorney of a crime made a felony by the federal law would be recognized and considered as a conviction of a felony under its disbarment statute.

Whether a crime is a felony or not depends not upon the nature or character of the wrongful act, but upon the kind of punishment prescribed by statute for the offense. (U. S. Criminal Code, § 335, and R. S. 62-104.) Being guilty of an offense made a felony under the federal statute affects one's standing in the community as much as being guilty of a crime amounting to a felony under the state statute, and to the same extent disqualifies an attorney under our law to be and remain a trusted officer of the court, as every attorney should be.

There is nothing in our statute, R. S. 7-110, to indicate that any distinction or difference was intended by the legislature to be made with reference to the felony being one under a federal or state statute. Good citizenship requires obedience to and observance of the laws of the nation as much as those of the state.

Our new statute imposing additional punishment on habitual offenders (Laws of 1927, ch. 191) recognizes felonies committed in or out of the state.

We concur in the decisions above cited from our sister states and hold that our disbarment statute, like theirs, extends to an attorney found guilty of a felony under the federal statute as well as under a Kansas statute, and to one convicted and sentenced in the federal court for the district of Kansas as well as in the state court.

The demurrer of the attorney-general to the answer of the accused is sustained and the accused, Everett C. Minner, is disbarred.