## THE CITY OF SOLOMON v. JAMES HUGHES.

1. INCORPORATION OF CITY, *Judicial Notice of.* Where an action for the violation of a city ordinance is commenced and prosecuted to conviction and sentence before the police judge of such city, and the case is then taken by the defendant on appeal to the district court, the district court should, with reference to such case, take judicial notice of the incorporation of such city and of the existence and substance of its ordinances.

2. CITY ORDINANCE, *Validity of.* Where the council of a city of the third class, at a meeting where all the members of the council and the mayor are present, take steps to pass a certain city ordinance, and afterward, at an adjourned meeting of said council, pass such ordinance, *held,* that the ordinance may be valid, notwithstanding the fact that no ordinance had previously been passed fixing the times for holding the regular meetings of the city council. And where the records of the city council show that the ordinance was as a whole, and each section thereof separately, adopted by a majority of all the members of the city council elected, and that there was no vote against the ordinance, or any part thereof, and that each section of the ordinance was considered separately, and that upon the adoption thereof the yeas and nays were taken, *held,* that the ordinance may be valid, although the records of the city council may not show in terms that the yeas and nays were taken upon the final passage of the ordinance as a whole.

### *Appeal from Dickinson District Court.*

PROSECUTION for selling intoxicating liquor without duly taking out and having a license so to do. Trial, conviction and sentence of the defendant, *Hughes,* at the September Term, 1879, of the district court. He appeals to this court.

*Stambaugh & Hurd,* and *Mohler & Cunningham,* for appellant.

*O. L. Moore,* and *John G. Spivey,* for appellee.

The opinion of the court was delivered by

VALENTINE, J.: This was a prosecution in the name of the city of Solomon, a city of the third class, against James Hughes, for the violation of a certain city ordinance. The action was commenced before the police judge of said city, before whom the defendant was tried, convicted and sentenced. The defendant then appealed to the district court, where he was again tried, convicted and sentenced; and he now appeals to this court.

About the only question involved in the case is, whether the district court could, in such an action as this, take judicial notice of the incorporation of said city and of its ordinances. We suppose that it will be admitted that the police judge, who was an officer of said city, and the one before whom the case was originally prosecuted, could not only take judicial notice of the incorporation of his own city and of the existence and substance of its ordinances, but that it was his imperative duty to do so. And when the case was taken on appeal from the police judge to the district court, we think it was not only within the power, but it was also the duty of the district court to try the case in the same manner that it should have been tried before the police judge. The district court was, in fact, substituted for the time being for the police judge; and whatever the police judge could have taken judicial notice of while the case was in his court, the district court could and should take judicial notice of after the removal of the case to the district court; and as there was no necessity to introduce evidence in the police judge's court to show the incorporation of the city of Solomon, or the existence of its ordinances, we think there was no necessity to introduce such evidence in the district court. And what did not need to be proved, did not need to be alleged.

The defendant claims that the ordinance under which he

was prosecuted was not and is not valid; but as both the police judge and the district court held it to be valid, we think it devolves upon the defendant to show its invalidity. This he has not done. The ordinance was adopted under the following circumstances: No ordinance had ever been passed fixing the time for holding the regular meetings of the city council; but it nevertheless met from time to time, whenever it was thought that its services were required. On May 22, 1878, it had a meeting. At this meeting the mayor and all the councilmen were present. At this meeting they took certain steps toward having the said ordinance under which the defendant was prosecuted, drawn up for the purpose of having it adopted, and did some other business, and then adjourned to meet again on May 27, 1878. On May 27, they met pursuant to adjournment, the mayor and all the councilmen being present, and did some business, and adjourned to meet again on May 31, 1878. On May 31, the council met again, the mayor and one of the councilmen being absent. All the other councilmen, including the president of the council, were present. At this meeting, they passed said ordinance. The ordinance was first read, and then reread, and considered and adopted by sections. The yeas and nays were taken on the vote on the adoption of each section, and every one of the members of the council present—except the president, who did not vote—voted in favor of the adoption of each section; and those voting in favor of each section were a majority of all the members of the council elected. All the foregoing the journal of the council proceedings itself shows. The ordinance was then put upon its final passage as a whole, and was adopted unanimously. The vote was, in fact, taken by yeas and nays, but this the record of the council proceedings does not fully show. Upon this matter, the record reads as follows: "On motion, the ordinance was then adopted, as a whole, as read, no dissenting voice." Upon the facts of this case, we think that the ordinance was a valid ordinance.

The judgment of the court below will be affirmed.

All the Justices concurring.