THE CITY OF OLATHE v. STEPHEN R. THOMAS.

CITY ORDINANCES, *Violation of; Two Offenses Charged; Practice.* Two complaints were filed with the police judge of the city of Olathe, for alleged violations of the ordinances of said city. The first charged the defendant with disturbing the peace of J. and others, and the city, by drawing a revolver and pointing the same at J., and threatening to blow his brains out, and by being guilty of other violent conduct and language; but did not charge any battery upon any person, and did not charge an assault upon any person, except upon J. The second charged the defendant with committing an assault and battery upon F., and did not charge any other breach of the peace. The defendant pleaded guilty to both charges, and was sentenced to pay a fine in each case. Afterward he took an appeal in the first case to the district court, and there pleaded a former conviction, claiming that the two prosecutions were for the same offense, and that the prosecution and sentence in the second case were a bar to any further prosecution in the first case. The evidence upon this special plea showed that all the matters charged in the two complaints grew out of the same difficulty, and occurred at the same time; but *held*, nevertheless, that the matters charged did not constitute one and the same offense, but that two offenses were charged.

*Appeal from Johnson District Court.*

AT the June Term, 1881, the district court sustained the defendant's plea in abatement to a charge for the violation of a certain ordinance of the city of Olathe, to which ruling the plaintiff excepted, and has appealed. The nature of the prosecution, and the facts, appear in the opinion.

*E. B. Gill,* city attorney, for appellant.

*Burris & Little,* for appellee.

The opinion of the court was delivered by

VALENTINE, J.: This was a prosecution for the violation of a city ordinance of the city of Olathe, Kansas. On April 7, 1881, a complaint was filed with the police judge of said city, which reads as follows:

"J. F. Border, of lawful age, being first duly sworn, doth depose and say, that the said S. R. Thomas, on or about the 6th day of February, 1881, within the limits of the city of Olathe, then and there being, did then and there forcibly commit an assault and battery upon this affiant, by then and there striking, beating, kicking and otherwise maltreating this affiant, contrary to an ordinance of said city of Olathe, entitled 'An ordinance in regard to assault and battery and assault,' passed and affirmed February 26, 1872."

So much of the above-mentioned ordinance as is applicable to this case, reads as follows:

"SECTION 1. Any person who shall forcibly commit an assault, or assault and battery, in any street, house, or place in the city of Olathe, shall upon conviction thereof be fined in a sum of not more than $100, and shall also be liable for costs of suit, and shall stand committed to the city prison until such fine and costs are paid."

The defendant, Stephen R. Thomas, pleaded guilty to the foregoing charge, and was fined $10, and was adjudged to pay the costs of the prosecution. Afterward, he took an appeal to the district court. In the district court he filed a motion to dismiss the action (not the appeal), on the ground that the court had no jurisdiction of the case, which motion was by the court overruled. The defendant then filed a special plea in bar, setting forth that he had been formerly convicted for the same offense, on another complaint made against him before the police judge by one John Border, and that such conviction had been fully satisfied. By the consent of both parties, the case was then heard upon this special plea, by the court, without a jury. What became of the defendant's general plea of

"guilty," is not shown, and no question has been raised with reference thereto. On the hearing upon the special plea, it was shown as follows: On March 6, 1881, a complaint was filed with the police judge, which reads as follows:

"John Border, being first duly sworn, says that Stephen Thomas, within the limits of the said city of Olathe, in Johnson county, Kansas, on the 6th day of March, 1881, then and there being, did then and there unlawfully disturb the peace and quiet of this affiant, and of divers other persons then and there assembled, and the peace and quiet of the city of Olathe, by then and there drawing a deadly weapon, to wit, a revolver, and pointing the same at this affiant, and threatening to blow out the brains of this affiant; and by then and there being guilty of violent, offensive and tumultuous conduct; and by then and there making loud and unusual noises; and by then and there using profane and obscene language, contrary to an ordinance of said city, entitled 'An ordinance to prevent the disturbance of the peace, and to preserve order in the city of Olathe,' passed and approved June 15, 1870."

So much of the above-mentioned ordinance as applies to this case, reads as follows:

"SECTION 1. Any person who shall willfully disturb the peace and quiet of the city of Olathe, by violent, tumultuous or offensive conduct, or by making loud and unusual noises, or by profane and obscene language, or whoever shall knowingly permit any such conduct in any house, or on any premises under his or her control, shall be deemed guilty of a misdemeanor, and shall upon conviction be fined in a sum not less than $1, nor more than $20."

On this complaint of John Border, the defendant pleaded guilty, and was fined $7.50, and was adjudged to pay the costs of the prosecution, amounting to $6.30, which fine and costs he immediately paid, and was discharged.

It seems from the briefs of counsel that John Border was the father of J. F. Border, though the record scarcely shows this. The defendant, Stephen R. Thomas, testified on this hearing as follows:

"I am the defendant in this cause. I had a difficulty with the Borders on the 6th day of March, 1881, in the city of Olathe. I never had but the one difficulty with them. The

disturbance of the peace grew out of the assault and battery upon Frank. It all occurred at the same time. The assault and battery charged in the complaint was a part of the same difficulty in which I was fined for disturbing the peace. There was but one difficulty. And further the witness saith not."

This was all the evidence that was introduced, either to prove or disprove said special plea; and upon this evidence the court below found the facts in favor of the defendant, and discharged him. The plaintiff then made a motion for a new trial, which motion was overruled; and the plaintiff now appeals to this court.

The only question presented to us by counsel for our consideration is, whether the court below erred in finding in favor of the defendant upon the hearing of said special plea; or, in other words, the only question is, whether the evidence showed that the defendant had been previously prosecuted and convicted for the same offense with which he was then charged, and for which he was then being prosecuted.

The extracts from the ordinances of the city of Olathe which we have quoted, are taken from the brief of counsel for the city of Olathe. They are not found in the record. But under the decision of this court, in the case of the *City of Solomon v. Hughes,* 24 Kas. 211, we suppose that both the district court and this court should take judicial notice of such ordinances.

We hardly think that the evidence shows that the two offenses charged were, in fact, one and the same offense. The complaint filed by J. F. Border simply charged an assault and battery upon him, and did not allege any other breach of the peace. The complaint filed by John Border simply charged another and a different breach of the peace, and did not charge any assault or battery upon J. F. Border. It did not, in fact, charge any battery upon any person, and only inferentially charged an assault. It simply charged that the defendant disturbed the peace and quiet of John Border and others, and the city of Olathe, by drawing a revolver and pointing the same at John Border, and threatening to blow his brains out,

and by being guilty of improper conduct, and using improper language. It would seem, however, that all the matters charged in both complaints grew out of the same difficulty, and occurred at the same time. The defendant testifies that "the disturbance of the peace grew out of the assault and battery upon Frank," (meaning, we suppose, J. F. Border;) that "it all occurred at the same time;" and that "there was but the one difficulty." Now although the matters charged in both complaints occurred at the same time and grew out of the same difficulty, still we think that they constituted two different offenses against the city ordinances of the city of Olathe — one for the assault and battery upon J. F. Border, and the other for disturbing the peace, by drawing the revolver upon John Border, and by the defendant's other violent conduct, and his improper language. The assault and battery upon J. F. Border certainly did not include all these other matters charged in the complaint made by John Border. And the punishment for the assault and battery upon J. F. Border was certainly no punishment for the breach of the peace in pointing a revolver at John Border.

The judgment of the court below will be reversed, and the cause remanded for further proceedings.

All the Justices concurring.