[No. 14706.  In Bank. — October 8, 1891.]

PEOPLE EX REL. ATTORNEY–GENERAL v. WILLIAM T. WALLACE, JUDGE OF SUPERIOR COURT OF CITY AND COUNTY OF SAN FRANCISCO.

WRIT OF REVIEW — LEGALITY OF GRAND JURY — AGREED CASE.— The supreme court will not determine the question as to the legality of a grand jury upon an application for a writ of review upon an agreed statement of facts, in a made-up case in which the parties to the record are not opposed in interest.

APPLICATION for a writ of review, brought in the name of the people of the state of California, upon the relation of the attorney-general, against the respondent, the presiding judge of the superior court of the city and county of San Francisco. The affidavit for the writ showed, in substance, as follows: The respondent, as the presiding judge of the superior court of the city and county of San Francisco, made an order that twenty-five names be drawn in the usual way from the "grand-jury box" (which contained the names of one hundred and forty-four persons selected by the twelve judges of the superior court), for the purpose of procuring a grand jury. After service by the sheriff on all of said per-

sons who could be found, eighteen of them appeared. Eight of them were excused by the court for good cause, and the others were accepted. No further drawing from the grand-jury box (in which there remained more than one hundred names) was made; but thereupon the court made the following order: " And it now appearing to the court that of the entire number of persons drawn to serve as grand jurors, there are only the number of ten proper and competent to so serve and not excused, it is now here ordered that a sufficient number, to wit, the number of nine good and lawful men, be forthwith summoned by an elisor appointed by the court here for that purpose, to be and appear before the court herein Thursday, August 20, 1891, at twelve o'clock, meridian, to complete the said grand jury, and that Henry H. Scott be and is hereby appointed such elisor; and all further proceedings in impaneling a grand jury are continued until the twentieth day of August, 1891, at twelve o'clock, meridian." Another order was also made, formally appointing said Scott elisor, who, after being sworn as such, returned nine other persons as grand jurors. The whole of said nine persons were accepted and sworn, and proceeded thereafter to act as a grand jury. In the course of their proceedings subpœnas were issued to certain persons, commanding them to appear before the grand jury and give testimony. Of the persons so summoned, several, among them one Stephen T. Gage, refused to appear before the grand jury and give evidence as required by the subpœnas, giving as a reason therefor that the said grand jury was illegal, and that the respondent had exceeded his jurisdiction in its impanelment. The said Gage was thereupon brought before the respondent upon a charge of contempt in refusing to appear before the grand jury, and upon the hearing it was stipulated by the attorney for the said Gage that he would join with the attorney-general and the district attorney of the city and county of San Francisco, in a request to the supreme court to hear and determine the following questions involved in the formation of the

grand jury: 1. Does the law and the proceedings of said judge in impaneling the body claiming to act as a grand jury authorize it to act as such? and under the law and such proceedings would the acts of such so-called grand jury be valid and have all the force and effect of a grand jury whose authority could not be questioned? 2. Whether, under the laws and the rules of said superior court, any judge of said court has authority to order the sheriff, or any person, to summon from the body of the county persons to complete a grand jury while there still remains in the grand-jury box of the county more than one hundred names of persons selected to serve for the pending year as grand jurors? 3. Had the judge of said court authority under the facts of this case to appoint an elisor? 4. If either of the foregoing questions are answered in the negative, then, whether the invalid act or omission went to the substance of the so-called grand jury, and whether its proceedings, when properly attacked, would or would not be invalid, and necessarily be set aside?

The affidavit concluded with a prayer for a writ to review the proceedings in the matter of the impanelment of the said grand jury, and was verified by the attorney-general of the state. The attorneys for the said Gage, and the district attorney of the city and county of San Francisco, joined in the application.

*Attorney-General Hart,* for Petitioner.

*Creed Haymond,* and *W. H. L. Barnes,* for Respondent.

The Court.— The court is unanimously of the opinion that this is not a case which the court can entertain in the shape in which it is presented. When the question of the legality of this grand jury arises in a real controversy between parties opposed in interest, the court will decide it as promptly as it can. This case does not present a real controversy. It is a made-up case, in which the parties to the record are not opposed in interest. It is simply a submission of a series of questions which

numbers of people undoubtedly have a curiosity or a desire to have decided by this court, but is not a case of which the court can take cognizance. The court cannot sit here to answer questions proposed by anybody. We decide real controversies. If the grand jury is an illegal body, there are various regular ways of presenting the question, but it cannot be presented in this way.

The application is dismissed.