D. A. JOHNSON v. THE CITY OF WINFIELD.

CITY—*Violation of Ordinance — Insufficient Complaint.* A complaint filed in the police court, charging the defendant with a violation of a city ordinance, for willfully refusing, as the agent of a water company, to supply the complainant with water, a tender being made in actual money for that purpose, that does not state that the water company was under a legal obligation by ordinance to supply such water, and does not in express words or by fair implication allege that the tender was sufficient, or was the amount of the legal or contract price of the water supply desired, is bad, and it is error not to sustain a motion to quash it.

*Appeal from Cowley District Court.*

THE material facts are stated in the opinion.

*Eaton, Pollock & Love,* for appellant.
*Madden & Buckman,* for appellee.

Opinion by SIMPSON, C.: The appellant, D. A. Johnson, was convicted in the district court of Cowley county of a violation of the provisions of an ordinance of the city of Winfield. The complaint charges that the appellant, as agent of the Winfield Water Company, said company being engaged in supplying water to the inhabitants of said city for domestic, sanitary and other purposes, under a franchise from said city, as provided by certain ordinances of said city, did, upon

tender being made him in actual money by the complainant for such purpose, unlawfully refuse to supply water to the complainant for hydrant supply, as provided by ordinance, for two lots, 50 feet front each, in said city, said company then having hydrant connection with such lots, such lots being owned by the complainant, contrary to and in violation of section No. — of ordinances Nos. 455 and 457 of said city of Winfield. In the police court, a motion was made to quash the complaint, upon the ground, among others, that it was indefinite, uncertain, did not describe the property, did not charge a particular violation of any one section of any one ordinance, did not allege the violation of an ordinance, or make any substantial statement of the provisions of the ordinance alleged to be violated. This motion was overruled, and a trial had, at which the appellant was convicted. He appealed to the district court, and in that court renewed his motion to quash the complaint, for the reasons above set forth. This motion was overruled in the district court, and he was tried and convicted, and appeals to this court.

While some latitude must be allowed in the construction of complaints filed in the police court charging persons with a violation of city ordinances, all the common safeguards and ordinary requirements of criminal pleading ought not to be entirely disregarded. As we view it, the complaint should have stated that a sufficient tender was made. Words ought to have been used that would have conveyed the idea that all money required was tendered, or the amount of the charges of the water company should have been stated, and followed by an allegation that the amount so specified was tendered. Any word or expression that means that a sufficient sum was tendered would be all that the most strict rules of pleading would require.

Again, the obligation of the water company to do the act and perform the very thing that its agent is accused of unlawfully refusing to do must be positively alleged in the complaint; because, if it is not in the nature of a public obligation to the city, or to the public thereof, or to some of the inhab-

itants, created by law or contract, and to the refusal to perform or non-perform is attached a penalty, it would not state any public offense. This complaint, instead of averring positively an obligation on the part of the water company to do the particular act refused to be done, simply states that the company was engaged in supplying water to the inhabitants of said city for domestic, sanitary and other purposes, and omits all mention of its obligations imposed by ordinance or otherwise.

These motions to quash were each made at the proper time, and ought to have been sustained. We have less than usual hesitation in declaring that the motion to quash was erroneously overruled, in view of other errors occurring at the trial that would have compelled a reversal of the judgment if the complaint could have been sustained. We recommend that the judgment be reversed, and the cause remanded to the district court, with instructions to quash the complaint and to discharge the appellant.

By the Court: It is so ordered.

All the Justices concurring.