THE CITY OF TOPEKA v. E. B. GOOD.

No. 736.*  (59 Pac. 681.)

CITIES—*Enforcement of Ordinances—Witness Fees.* A city of the first class is liable to witnesses subpœnaed in its behalf, in causes brought by it for the enforcement of its ordinances relating to its local government, for the fees allowed by law.

Error from Shawnee district court; Z. T. HAZEN, judge. Opinion filed January 4, 1900. Affirmed.

*W. A. S. Bird*, city attorney, for plaintiff in error.
*Fagan & Nichols*, for defendant in error.

The opinion of the court was delivered by

MAHAN, P. J. : The statement of the case in the plaintiff's brief shows that the defendant in error sued the city upon a petition containing seven causes of action for witness fees in the case of the city against Robinson, fifteen causes of action for witness fees in the case of the city against Dupree, and nine causes of action for witness fees in the case of the city against Lambkin ; that the city answered by general denial, and alleging that these three cases were commenced before the police judge of that city for the violation of city ordinances ; that each of the defendants was convicted, and that each appealed to the district court, where they were again convicted and sentenced to pay a fine and costs, and that no part of the costs had been paid by these defendants to the city. This is followed by an agreed statement of facts, reduced to writing and signed by the parties, upon which facts the court rendered judgment for the amount claimed in the

─────────

*Petition for order to certify denied by supreme court February 3, 1900.—REP.

several causes of action.   Counsel for the city makes the following assignments of error :

"1.  That the district court committed errors of law in the trial of this cause.

"2.  That the district court rendered judgment for the defendant in error when according to law judgment should have been rendered for the plaintiff in error.

"3.  That the district court erred in overruling the motion filed by the plaintiff in error for a new trial."

The judgment having been rendered exclusively upon an agreed statement of facts, reduced to writing and filed in the cause, a motion for a new trial was wholly unnecessary to preserve any question arising in the progress of the trial as, in fact, none was raised. Hence, it was right to overrule the motion, and no error can be predicated thereon.   We might say that there is nothing presented for our consideration, there being, in fact, no assignments of error, within the meaning of rule 6 of this court.   To say simply that the court committed errors is not an assignment of error.   To say that the court rendered judgment for the wrong party is not an assignment of error.

However, upon looking further into the brief, under the subdivision entitled "Argument," we are advised that the city claims that it is not liable to its own witnesses for fees.   And it therefore contends that the court erred in holding that it was so liable.   This is the real question, and the only question, involved in the case.   The argument is to the effect that the city claims the same immunity from obligation to pay for services rendered it in such cases as is enjoyed by the state.   Chapter 39 of the General Statutes of 1889 provides, in section 1, that " persons herein mentioned shall be entitled to receive for their services the fees and compensation herein allowed, and no other,

except as may be provided by law." By section 36 it is provided that witnesses "shall receive the following fees : For attending before any court or grand jury, or before any judge, referee, or commissioners, per day, $1.50 ; for attending before any justice of the peace, per day, seventy-five cents ; for each mile necessarily and actually traveled in going to and returning from the place of attendance, five cents." This is as amended by chapter 131 of the Laws of 1897. Section 56 of the same statute provides that these fees shall not be due or demanded until the services for which they are chargeable shall have been performed. This is section 34 in the revision of 1897. By section 40 it is provided that these fees arising in criminal cases allowed to witnesses for the state, when not paid by the defendant or prosecuting witness, shall be paid by the county under certain circumstances. (Gen. Stat. 1899, § 2940.) Section 41a of the chapter, being an amendment passed by the legislature of 1889, puts upon the payment of costs in criminal cases arising before justices of the peace certain additional limitations. (Gen. Stat. 1899, § 2941.) These two sections last mentioned are grounded upon the theory that the state is not liable for the fees provided in this chapter without being granted express immunity therefrom, and that justice demanded that compensation should be given by the state to its own witnesses, and imposes the duty upon the integral part of the state called a county. Nowhere under this statute or any other are cities of the first class exempted from the obligations created thereby.

Counsel for the plaintiff in error, in his brief and in his argument, assumes that it was a question of taxation of costs *inter partes*, and cited numerous authorities to sustain his contention that costs, as such, were

Topeka v. Good.

unknown to the common law, and were only taxed in causes by virtue of statutory provision. All this is true, and yet it has no application to this case. At common law all parties were liable for expenses they incurred in the course of litigation, and the presumption was that they had paid these expenses as the litigation progressed; and when they were allowed to be taxed as costs, it was upon the theory that they had been paid. Parties were liable and are liable for services performed in their behalf by witnesses attending court, for a reasonable compensation, without statutory law therefor. Our statute fixes the amounts of such compensation, and provides when it may be demanded. Proceeding upon the same theory, counsel argued that statutes allowing costs are to be strictly construed. This applies to taxable costs between the parties to the litigation.

It is contended, again, that these claims set out in the petition are costs. These witnesses were not parties to the causes wherein they attended at the request of the city, and costs relate to the parties and are taxed for and against parties, not strangers.

It is also contended that, inasmuch as the city was the successful party, and because the defendants in the cases wherein these witnesses attended procured no judgment against the city, therefore the city was not liable to its witnesses. It is immaterial to these witnesses whether the city recovered a judgment or not, or who recovered the judgment, the city or defendants. When they performed the services they were entitled to compensation from the party for whom they rendered the services, unless for some public reason such party was exempted therefrom.

Again, it is contended by the city that the legislature has the power to require the attendance of

witnesses without any provision for their fees. It is unnecessary to determine this question, as the state has not authorized a city to require such attendance without payment, and has not exempted a city therefrom.

It is further contended, in the sixth place, that "the district court sits as the police judge." It is argued from this that because there is no provision in the act incorporating cities of the first class for the taxation of costs in the police court, and no provision for rendering judgment against the city therefor in cases wherein the city is defeated, the city was not liable to the witnesses themselves for attendance in the district court. We are unable to comprehend the application of this contention to the question involved. The city is not such a part of the state government as to entitle it to the immunities of the state itself, in matters pertaining to its local affairs.

The judgment of the district court is affirmed.

McElroy, J., concurring.

Wells, J., dissenting.