No. 26,080.

*In re* THE DISBARMENT OF J. F. SANFORD.

SYLLABUS BY THE COURT.

1. ATTORNEY AT LAW—*Disbarment Proceedings—Conviction of Misdemeanor Under City Ordinance Does Not Work a Disbarment.* There is a statutory provision to the effect that upon receiving a copy of a record of the conviction of an attorney for the commission of a felony or misdemeanor, involving moral turpitude, the court shall enter an order of disbarment (R. S. 7-110), and upon an application to enter such an order it is held that the offenses therein mentioned do not apply to violations of city ordinances, but only to offenses defined in an act of the legislature wherein the punishment for a violation is prescribed; and it is further held that the conviction referred to is one rendered by a court of record in an action prosecuted by the state in its own name, and not one prosecuted in the name of a city before a police judge.

2. SAME—*Jurisdiction of District Court on Appeal from Police Court.* In the trial of an appeal from a judgment of a police judge for the violation of a city ordinance, the district court is for the time being acting as a police judge, and is required to try it as it should have been tried before the police judge, and the judgment entered is essentially that of a police judge.

Original proceeding in disbarment. Opinion filed February 7, 1925. Judgment for accused.

*C. B. Griffith,* attorney-general, and *Charles D. Shukers,* of Independence, for the accusers.

*Charles Bucher,* and *Barney Bucher,* both of Coffeyville, for the accused.

The opinion of the court was delivered by

JOHNSTON, C. J.: The theory of Kansas law is that those admitted to practice law and who continue in it shall be persons who obey the law and maintain a high standard of personal and professional integrity. In a statute relating to the admission of attorneys to practice law, and to the disbarment and suspension of those who may be guilty of misconduct, there is a provision to the effect that upon the conviction of a lawyer of a crime involving moral

*In re* Sanford.

turpitude and a record of it has been transmitted to this court, it shall enter an order of disbarment. J. F. Sanford, a practicing attorney who had been duly admitted, was charged with having intoxicating liquor in his possession in violation of a city ordinance and was convicted in the police court of the city of Independence. An appeal from the conviction was taken to the district court, and the trial there resulted in a finding of guilty. The sentence imposed was that he should pay a fine to the city of $100 and be imprisoned in the city jail for a period of thirty days. The fine was paid, the imprisonment suffered, and the penalties fully carried out. Thereupon the clerk of the court transmitted a certified copy of the record to this court on the theory that it fell within the statutory provisions mentioned. The section reads:

"That in the case of the conviction of an attorney at law, who has been admitted to the bar of this state, of a felony or of a misdemeanor involving moral turpitude, the clerk of the court in which such conviction is had must within thirty days thereafter transmit to the supreme court a certified copy of the record of conviction, and the supreme court upon receipt of such record must enter an order disbarring such attorney. Upon reversal of such conviction, or pardon by the governor, the supreme court shall have the power to vacate such order of disbarment." (R. S. 7-110.)

Does an entry of the record of conviction operate to disbar the defendant, and that inquiry involves the question whether the conviction for a violation of a city ordinance falls within the statute, and also whether such a violation is a felony or misdemeanor involving moral turpitude within the meaning of that statute. It may be noted that the conviction of itself operates as a disbarment, and has been characterized as a legislative rather than a judicial disbarment. (*In re Anderson*, 101 Kan. 759, 168 pac. 868.) Of course the convicted attorney is entitled to show if he can that the judgment of conviction was not rendered by a court of record, and that the offense itself was not within the statute. This the respondent has undertaken to do, and he contends that the conviction of an attorney for the violation of a municipal ordinance does not fall within the purview of the governing statute. One ground is that the respondent was convicted in a police court, not a court of record, while the statute appears to contemplate that the conviction shall be in a court of record. In *In re Anderson*, supra, it was held that a justice of the peace can not be regarded as a court of record, and no more can it be said that a police court is a court of record. As to a justice of the peace it was said:

*In re* Sanford.

"He has no clerk, is not his own clerk, and his docket entries do not have the quality of entries on the journal of a court of record. (*In re Baum,* 61 Kan. 117, 58 Pac. 958). Therefore the statute does not sustain the proceeding." (p. 759.)

It is true that the judgment finally entered against the respondent was rendered by the district court on an appeal from the police court. In the district court the case, however, was tried as a violation of a city ordinance, and while that court was trying the case it was acting as a police judge, and was required to try the case in the same manner it should have been tried before the police judge. (*City of Solomon v. Hughes,* 24 Kan. 211; *Smith v. City of Emporia,* 27 Kan. 528; *Watt v. Jones,* 60 Kan. 201, 56 Pac. 16.) Its sentence as imposed was essentially a judgment of the police judge, and cannot be treated as one rendered by a court of record within the meaning of the statute. Again, the statutory provision that the receipt of a record of a conviction of crimes involving moral turpitude shall *ipso facto* work a disbarment, manifestly refers to violations of state laws. Other statutes authorize city authorities to enact ordinances, but nothing in the statute under consideration refers to city ordinances passed under the delegated power, nor to any violations outside of the crimes act enacted by the legislature. In one sense the violation of an ordinance is a misdemeanor in that it is criminal in its nature and inferior to a felony, but the term as used in this statute means the violation of a law enacted by the legislature in which the punishment is prescribed. A misdemeanor is generally held to be an act in violation of a state law, punishable by fine or imprisonment in the county jail or both, and wherein the punishment is fixed in the act. (5 Words and Phrases, 4533.) Here the punishment for the offense was fixed by a city in an ordinance and not by the legislature in a statute, and the imprisonment that was adjudged by the district court was confinement in the city jail. Besides the judgment required the fine to be paid to the city, instead of to the county treasurer, as in prosecutions brought by the state. We think the statute does not refer to offenses against a city, but has references to offenses against the state prosecuted in its own name in a court of record.

Having reached this conclusion, it is unnecessary to determine other questions discussed by counsel. It follows that an order of disbarment will not be entered.