No. 44,166

City of Dodge City, *Appellant,* v. Charles Day, *Appellee.*

(403 P. 2d 1004)

Opinion filed July 10, 1965.

*Douglas B. Myers,* of Dodge City, argued the cause and was on the brief for the appellant.

No appearance for appellee.

The opinion of the court was delivered by

Harman, C.: This case is here on an appeal by the city of Dodge City from an order of the district court dismissing an action which originated in the police court of that city, a city of the second class, wherein it is stated the appellee was convicted of the offense of driving a motor vehicle while intoxicated in violation of city ordinance.

The following proceedings occurred in the district court:

"The Court: This is Case No. 19,131, is that correct, City of Dodge City v. Charles T. Day?

"Mr. Myers: Correct, Your Honor. The City of Dodge City appears by the City Attorney, Douglas B. Myers.

"MR. SHULTZ: The defendant Charles T. Day appears in person and by Donald E. Schultz, his attorney.

"THE COURT: The Court on examining the file in this case finds that there is no sufficient complaint shown in the file. Does the City propose to amend its complaint at this time."

"MR. MYERS: The City does not, Your Honor. The City takes the position that under Section 20-25 of the Code of the City of Dodge City, Kansas, 1956, that the complaint as abstracted is sufficient.

"MR. SHULTZ: If it please the Court, unless the City intends to file a complaint under which the accused can be charged and properly instructed before the jury, we would move to dismiss.

"MR. MYERS: Now Your Honor, prior to consideration of counsel's motion, and for the record, I would like to state to the Court that in the opinion of the City this case is a trial as before a police court; that the ordinances and rules governing trials in police court control here. As a matter of fact, the record contains no demand for trial by jury. Therefore, we urge the Court that the defendant is not at this time entitled to a trial by jury; secondly, the complaint was properly brought initially under the Ordinances of the Municipality of Dodge City, which we contend are sufficient here, and we ask the Court to proceed to trial to the Court.

"THE COURT: Well, the matter as to whether he is entitled to a jury or not is a matter that would not come up in case the Court quashed the proceeding on the basis of there being no proper complaint before the Court. The record here shows that the complaint was on the oath of the 'PD', which I suppose is police department, and not any particular individual, and it doesn't recite the individual's name except in the heading of the transcript from Police Court, and it merely refers to the ordinance as 'VCO 1451' and the initials or letters 'DWI', which is not in the language of the ordinance or any thing but just colloquialism or jargon, and therefore the Court will have to quash this action unless the City wishes to file an amended complaint setting forth the complaint in specific terms.

"MR. MYERS: Will the Court set a time for the filing of an amended complaint, if it is the decision of the City to so file?

"THE COURT: It will have to be done immediately.

"MR. MYERS: The City will not file an amended complaint, Your Honor.

"THE COURT: Case dismissed.

"MR. SHULTZ: Thank you, Your Honor."

In its formal order dismissing the action the court found that "no sufficient complaint is on file with the court."

The record before the district court, purportedly a transcript of the proceedings before the police court, can best be understood by reproducing it as an appendix hereto.

Appellant first urges that the trial court erred in its finding that the complaint was not sufficient in that an oral complaint is proper under the applicable city ordinances and also under our statutes.

Trial in a police court of a city of the second class is upon the

complaint alleged against the defendant (K. S. A. 14-808) and it is the making of the complaint alleging a violation of a municipal ordinance which gives that court jurisdiction.

K. S. A. 14-804 provides:

"All prosecutions for violating any city ordinance shall be entitled 'The city of _____ against _____' (naming the city and the person or persons charged), and the police judge shall state in his docket the name of the complainant, the nature or character of the offense, the date of the trial, the names of all witnesses sworn and examined, the finding of the court, the judgment or fine and costs, the date of payment, the date of issuing commitment, if any, and every other fact necessary to show the full proceedings in such case.

"The complaint, when made by the marshal, assistant marshal or regular policeman against any person arrested without process and in custody, *need not be in writing;* but when the accused is not in custody, the complaint shall be in writing and sworn to, before a warrant be issued for his arrest. In no case shall a judgment of conviction be rendered except upon sufficient legal testimony given on a public trial or upon a plea of guilty made in open court." (Our italics.)

Thus we see that by express statutory authority a written complaint is not required in those cases in which a person has been arrested by a police officer without process and remains in custody of such officer, and the result is that in such situations an accused may be tried in police court upon verbal complaint.

On an appeal to district court from a conviction in a police court the district judge for the time being is substituted for the police judge and in effect sits as the police judge. (*City of Fort Scott v. Arbuckle,* 165 Kan. 374, 196 P. 2d 217.)

From all this does it necessarily follow that the district court in the instant case erred in finding that "no sufficient complaint is on file with the court"? We think not. We should keep in mind we are not here concerned with the nature or the validity of the arrest in this case, nor the manner of prosecution in the police court; we are concerned only with the propriety of the action of the district court. All the district judge had before him was the document appended hereto. He commented on its nature and little can be added to those comments. The document speaks for itself. The most that can be said for it is that it is a transcript of the purported record of the proceedings required to be kept in the police court. Insofar as stating what the alleged offense in the district court was, whether orally complained of or otherwise, it is totally deficient. It simply did not state what the complaint was or what the ap-

pellee did that constituted the alleged offense. In other words, the transcript contained no complaint, there was no complaint before the trial court, and the trial court in effect so ruled. It should be noted that on an appeal of a criminal prosecution for violation of a municipal ordinance there is trial by jury unless expressly waived by appellant therein (K. S. A. 20-301), which necessarily alters district court procedure from that used in police court. It is difficult to see how the trial judge, about to commence a jury trial for an offense concerning which he knew nothing from the file before him, could have held otherwise. Quite properly, he offered the appellant the opportunity to supply the deficiency which right it had pursuant to K. S. A. 12-1101, which provides:

"In all cases of appeals to the district court from the judgments of police judges of cities of either the second or the third class, if, on the trial of the cause in the district court, the complaint shall be quashed or set aside for insufficiency or for any other reason, the same may be amended, or a new complaint filed, in like manner as in appeals from justices of the peace."

Appellant next urges that appellee waived any objection to the form of the complaint by giving bond for his appearance in police court and in giving bond for his appearance in his appeal to the district court, citing the cases of *State v. Dye,* 148 Kan. 421, 83 P. 2d 113; *City of Wichita v. Hibbs,* 158 Kan. 185, 146 P. 2d 397; *State v. Barry,* 183 Kan. 792, 332 P. 2d 549. In the *Dye* case there was a written sworn complaint. Defendant waived a preliminary hearing on a charge of grand larceny and gave bond for his appearance in district court, where he was convicted in a jury trial. Thereafter defendant made some objection to the complaint. In disposing of it, this court simply stated any insufficiency in the complaint was waived when defendant gave bond for his appearance at district court. It should be noted in connection with this statement that trial in district court upon a felony is upon an information, and not the complaint which merely initiates the proceedings.

In the *Hibbs* case the defendant was arrested at the scene of an accident, there was an oral complaint made in police court by the arresting officer, the defendant posted an appearance bond, and was subsequently convicted in the police court. He thereafter made an appeal bond to the district court. In the district court he made some objection to the verification of the complaint, the exact nature not being stated. This court, citing the *Dye* case, stated that any defect in the verification of the oral complaint as made was waived by defendant when he gave bond for his appearance. The court

specifically pointed out that the record did disclose the making of an oral complaint on oath. In the *Barry* case it was held that the action of a county court in failing to affix its seal to the original complaint and warrant in a criminal action was waived by a defendant when, without having objected thereto, he gave a bond for appearance in the county court and/or furnished a bond for appeal to the district court. It is readily seen that in each of the cases cited by appellant there was in fact a complaint (or information) on file in the district court, and the principle of waiver was applied as to mere irregularities. Something was on file on which intelligent action could be taken and trial had. Here there was nothing, as we have heretofore indicated, and we think the principles enunciated in the three cases relied upon by appellant should not be extended beyond the factual situations therein set forth, and cannot be made to apply here.

In *Johnson v. City of Winfield*, 48 Kan. 129, 29 Pac. 559, it was stated:

"While some latitude must be allowed in the construction of complaints filed in the police court charging persons with a violation of city ordinances, all the common safeguards and ordinary requirements of criminal pleading ought not to be entirely disregarded." (p. 130.)

A *fortiori* ought this apply to procedure in district court.

We hold that a defendant in entering into recognizance for his appearance in district court upon an appeal from a police court conviction does not thereby waive the necessity for a complaint, written or otherwise, to be filed or made in some manner in the district court upon trial of the appeal.

Finding no error in the trial court's order, we affirm.

APPROVED BY THE COURT.

# APPENDIX