No. 50,189

No. 50,190

CONSOLIDATED

CITY OF OVERLAND PARK, KANSAS, *Appellant,* v. REGINALD ESTELL, and CYNTHIA ANN MCDIFFETT, *Appellees.*

(592 P.2d 909)

Opinion filed March 31, 1979.

*Neil Shortlidge,* assistant city attorney for the City of Overland Park, argued the cause, and *Michael D. Mance,* assistant city attorney, was on the brief for the appellant.

No appearance by the appellees.

*Lyndus A. Henry,* county counselor, was on the brief for the Johnson County Board of County Commissioners, *amicus curiae.*

The opinion of the court was delivered by

McFARLAND, J.: These unrelated cases involve appeals by the City of Overland Park from orders of the district court dismissing the complaints against the defendants. The cases were consolidated on appeal as they involve identical issues.

In the municipal court of the City of Overland Park both defendants were convicted of violations of ordinances of that city, were fined, and were sentenced to terms in the city jail. Each was found indigent in the municipal court and was represented in the proceedings by court appointed counsel. Each defendant appealed the municipal court conviction to the district court. When the cases were called for arraignment on April 12, 1978, before the district court, each defendant was accompanied by counsel appointed by the municipal court. Each defendant advised the court that the condition of indigency still existed and requested appointment of counsel. The district court judge suggested each defendant return to the municipal court for appointment of counsel and took their requests for counsel under advisement.

The municipal court denied both defendants' motions for appointment of counsel on the basis that the municipal court no longer had jurisdiction of the cases as they were on appeal, and further noted the cases were to be tried de novo in the district court. On May 10, 1978, both defendants again appeared in district court. What transpired at that hearing is set forth in the following excerpt from the identical journal entries filed in both cases:

"Prior to proceeding with the arraignment, the Court notes that a Journal Entry has been filed reflecting a decision of Judge Jerry Hess of the Overland Park Municipal Court that said Municipal Court has no jurisdiction to appoint an attorney to represent the above-named defendant on this appeal. The Court further finds that a previously submitted affidavit of indigency by said defendant shows that the defendant is, in fact, indigent and entitled to an appointed attorney.

"The Court finds that under K.S.A. 12-4405 the Municipal Court of Overland Park is required to appoint attorneys for those people found indigent both at the Municipal Court and the District Court level. Therefore, the Court finds that the refusal on the part of the Municipal Court to appoint an attorney to represent the defendant in the above-captioned case requires that the complaint filed herein against the defendant should be, and is hereby, dismissed with prejudice. The Court further orders that the costs of this appeal shall be assessed against the plaintiff.

"The plaintiff then states to the Court that it takes exception to the ruling of the Court and expresses its intention of appealing said ruling dismissing this complaint to the Supreme Court of the State of Kansas. The Court then orders that if the plaintiff does appeal this case to the Appellate Courts of Kansas, the plaintiff shall appoint an attorney to represent the defendant on such appeal. The plaintiff, at that time, again takes exception to the ruling of the Court and notes to the Court its intention of appealing that order also.

"The Court notes the exceptions taken by the plaintiff and notes its intention of filing an appeal and, there being nothing further, the orders of the Court are entered."

Appellant City of Overland Park raises the following two issues on appeal:

1. Whether the district court erred in ruling that the municipal court judge had jurisdiction to appoint counsel for de novo appeals of municipal court convictions to the district court and in dismissing the complaints for failure of the municipal court judge to appoint counsel.

2. Whether the district court erred in ordering the municipal court judge to appoint and bear the costs of counsel to represent the defendants on an appeal by the plaintiff/appellant to the Supreme Court of the district court's orders dismissing the complaints as set forth in Issue No. 1.

In *Argersinger v. Hamlin,* 407 U.S. 25, 32 L.Ed.2d 530, 92 S.Ct. 2006 (1972), the United States Supreme Court ruled that no accused could be deprived of his liberty as the result of any criminal prosecution, whether felony or misdemeanor, in which he was denied the assistance of counsel. The 1973 Kansas legislature enacted K.S.A. 12-4405, relating to municipal courts:

"If the municipal judge has reason to believe that if found guilty, the accused person might be deprived of his or her liberty and is not financially able to employ counsel, the judge shall appoint an attorney to represent the accused person.

"Financial inability to employ counsel shall be determined by the methods provided in K.S.A. 22-4504."

It should be noted that the right to counsel of each of the defendants herein is not disputed.

The statutes relative to appeals from the municipal court are as follows:

### K.S.A. 12-4601. **Appeals; stay of proceedings.**

"An appeal may be taken to the district court in the county in which said municipal court is located:

"(*a*) By the accused person in all cases; and

"(*b*) By the city upon questions of law.

"The appeal shall stay all further proceedings upon the judgment appealed from."

### K.S.A. 12-4602. **Same; procedure.**

"An appeal to the district court may be taken as provided in K.S.A. 1975 Supp. 22-3609. The appearance bond may continue in effect throughout the appeal; however, the municipal judge may require a separate appeal bond. Hearing and judgment on appeal shall be as provided in K.S.A. 22-3610 and 22-3611."

### K.S.A. 1978 Supp. 22-3609. **Appeals from municipal courts.**

"(1) The defendant shall have the right to appeal to the district court of the county from any judgment of a municipal court which adjudges the defendant guilty of a violation of the ordinances of any municipality of Kansas or which imposes a sentence of fine or confinement or both. Such appeal shall be assigned by the administrative judge to a district judge or associate district judge. The appeal shall stay all further proceedings upon the judgment appealed from.

"(2) An appeal to the district court shall be taken by filing a notice of appeal in the court where the judgment appealed from was rendered. No appeal shall be taken more than ten (10) days after the date of the judgment appealed from.

"(3) The judge whose judgment is appealed from, or the clerk of such court, if there be one shall certify the complaint, warrant and any appearance bond to the district court of the county on or before the next court day of such district court occurring more than ten (10) days after the appeal.

"(4)   No advance payment of docket fee shall be required when the appeal is taken.

"(5)   Hearing on the appeal shall be to the court unless a jury trial is requested in writing by the defendant."

### K.S.A. 22-3610. **Hearing on appeal.**

"When a case is appealed to the district court, such court shall hear and determine the cause on the original complaint, unless the complaint shall be found defective, in which case the court may order a new complaint to be filed and the case shall proceed as if the original complaint had not been set aside. The case shall be tried *de novo* in the district court."

### K.S.A. 22-3611. **Judgment on appeal.**

"If upon appeal to the district court the defendant is convicted, the district court shall impose sentence upon him and render judgment against him for all costs in the case, both in the district court and in the court appealed from."

Nowhere in any of the aforecited statutes is there any reference to who pays the cost of appointed counsel for appeals from the municipal court to the district court. K.S.A. 12-4405, previously cited, provides that financial inability to employ counsel shall be determined by the methods provided by K.S.A. 22-4504. The reference to K.S.A. 22-4504 simply directs the municipal court how to determine indigency and does not assist in resolving the issues before us.

The brief of the City of Overland Park and the *amicus curiae* brief of the Board of County Commissioners of Johnson County offer no authority in support of their respective positions as to who pays the attorneys' fees (the defendants having filed no briefs herein). We have, likewise, found no authority directly on point.

In resolving this issue we must look to the nature of such appeals to the district court.

This court has frequently said that a district court, upon hearing an appeal from police court, *sits as* the police judge. *Dodge City v. Day,* 195 Kan. 303, 305, 403 P.2d 1004 (1965); *City of Fort Scott v. Arbuckle,* 165 Kan. 374, 388, 196 P.2d 217 (1948); *In re Sanford,* 117 Kan. 750, 752, 232 Pac. 1053 (1925). In *Arbuckle,* 165 Kan. at 388, we said:

"From its inception a prosecution for violation of a city ordinance is in the hands of the city authorities. The prosecuting attorney is the city attorney. The action is carried on in the name of the city against the defendant, the sentence to confinement is in the city jail. The penalty is fixed by the ordinance. The fine goes to the city treasury and costs, if any, are assessed against the defendant or the city,

as the circumstances require. (See *City of Iola v. Harris,* 40 Kan. 629, 20 Pac. 521; *Topeka v. Good,* 9 Kan. A. 258, 59 Pac. 681.)

"The district judge while hearing the appeal is substituted for the time being for the police judge. (See *City of Solomon v. Hughes,* 24 Kan. 211, *In re Sanford,* 117 Kan. 750, 232 Pac. 1053; *Smith v. City of Emporia,* 27 Kan. 528; *Watt v. Jones,* 60 Kan. 201, 56 Pac. 16; and *In re Hurston,* 112 Kan. 238, 210 Pac. 495.)"

In *Sanford,* 117 Kan. at 752, we held that violation of a city ordinance was not ground for disbarment of an attorney and stated:

"It is true that the judgment finally entered against the respondent was rendered by the district court on an appeal from the police court. In the district court the case, however, was tried as a violation of a city ordinance, and while that court was trying the case it was acting as a police judge, and was required to try the case in the same manner it should have been tried before the police judge. (*City of Solomon v. Hughes,* 24 Kan. 211; *Smith v. City of Emporia,* 27 Kan. 528; *Watt v. Jones,* 60 Kan. 201, 56 Pac. 16.) Its sentence as imposed was essentially a judgment of the police judge, and cannot be treated as one rendered by a court of record within the meaning of the statute."

The City of Overland Park enacted the ordinances the defendants were convicted of violating. The City prosecuted the defendants in the municipal court, would have prosecuted them in the district court but for the dismissals, and would have represented itself in any appeal through the appellate court system. Any fines imposed would go to city coffers. It would be illogical to shift the burden of expense for defense counsel to the county when a municipal court conviction is appealed, while permitting the city to receive any fine ultimately imposed. The responsibility for appointed defense counsel costs for appeals to the district court from municipal court cannot be shifted to the county. This is in accord with the concept that a district judge, hearing a case on appeal from a municipal court, sits as a municipal judge.

As for the mechanics of the procedure to be employed for appointment of counsel on appeal, they should be as follows:

1. On the defendant's first appearance before the district court on the appeal, he or she should be present with retained counsel if one has been so employed;

2. If defendant has not employed counsel and seeks the appointment of counsel, he or she should be present with the counsel originally appointed by the municipal court;

3. The district court, upon such request for appointment of counsel, should make the determination as to whether the defendant is indigent in accordance with K.S.A. 22-4504;

4.  If the district court determines the defendant is indigent, it should inquire of the originally appointed counsel whether he or she is able to continue the representation;

5.  If such defense counsel is able to serve, ordinarily he or she should be appointed to represent the defendant. Provided, however, the district judge has the discretion, in the interest of justice, to appoint a different attorney; and

6.  The determination of indigency shall be subject to review at any time by any judge of the district court before whom the case is pending, pursuant to K.S.A. 22-4504.

The remaining question on this issue is the determination of attorney fees. K.S.A. 12-4405 requires the municipal court to appoint counsel for the defendants herein, but it is silent as to what, if anything, such counsel should be paid. The record does not disclose whether counsel were paid for their services before the municipal court, or how much they received. From the actions of the municipal court it is apparent the municipal judge considered the services for which counsel were appointed had terminated. By virtue of the present dispute, we must conclude it is the custom of the municipal court herein to pay appointed attorneys on some basis. What that basis is, we do not know. We have found no statutory requirement mandating that attorneys receive compensation for such municipal court appointments. Until rather recently federal court appointments of counsel in criminal cases were without compensation and were considered an obligation of the bar. As far as state crimes are concerned the amount of compensation paid to counsel from the Aid to Indigent Defendants Fund, K.S.A. 22-4501 *et seq.,* is subject to standards adopted by its board of supervisors. In *State v. Keener,* 224 Kan. 100, 102-03, 577 P.2d 1182 (1978), we said:

"It is the moral and ethical obligation of the bar to make representation available to the public. (See, Canon 2, Code of Professional Responsibility, 220 Kan. cx.) Quite often, fulfillment of that obligation involves the representation of a client, particularly a criminal defendant, for little or no remuneration. Enactment of K.S.A. 22-4501, *et seq.,* has served to relieve some of the hardships involved in fulfilling an attorney's obligation to provide legal representation to the public; but it has not cancelled the attorney's ethical responsibility to provide representation without compensation if necessary. Court appointed counsel has no constitutional right to be compensated, much less to receive full and adequate compensation which may have been received if the same time had been spent on a fee-paying client's problems. (See, *United States v. Dillon,* 346 F.2d 633 [9th Cir. 1965].)

"Claims for fees submitted to the board of supervisors of panels to aid indigent

defendants are considered by the board according to the criteria set forth in the statutes and rules of this court. The decision of the board as to the amount of compensation to be awarded in any case is final. (Rule 404, Claims Under Indigent Criminal Defendants Act, 220 Kan. cviii.)"

The municipal court has a duty to provide adequate representation of indigents appearing before it in accordance with K.S.A. 12-4405. As long as this duty is met, whether or not compensation is permitted at all, allowed on a set rate per case, allowed on a set rate per hour, or whatever other method, compensation is a matter to be determined by the municipal court and by the governing body of the city. The municipal court trial judge must determine what compensation should be paid to attorneys the municipal court has appointed. The district court is not to be involved in this procedure.

The question becomes how to determine compensation of counsel appointed by the district court to represent indigents appealing from municipal court convictions. The city will ultimately be responsible for any such expense. Of practical necessity, the city should have some way of estimating the yearly cost of such compensation. Ideally, the municipal court would establish some standards for compensation which the district court trial judge could apply in determining compensation for services at the district court level. If the standards are insufficient to permit appointment of adequate counsel, or if there are no such standards, then the district court trial judge must determine a reasonable fee for the services. In making such an independent determination the district court trial judge should allow compensation to the attorney on the same basis as if the action had been commenced in the district court. Since the majority of all such appeals are for offenses that are statutory offenses as well, this should present no serious difficulty. (For example, in the cases herein the offense in one was a D.W.I. charge and the other was theft.) After the district court trial judge determines the amount of the attorney's compensation, he should certify the same to the municipal court for payment by the city.

Since this is the first time the issues herein have been before this court, many municipal courts obviously have mutually satisfactory arrangements with district courts for resolving these questions. Nothing in this opinion should affect or alter any such mutually agreed arrangement if adequate representation is provided under the method used.

The final issue on appeal is whether the trial court erred in ordering the municipal court to appoint counsel for the defendants for the appeal before this court. The City claims error on the ground the dismissals of the complaints with prejudice preclude refiling thereof, and thus the defendants have no basis for participating in the appeal. The record reflects the defendants have not filed briefs and have not participated in this appeal. The issue is moot.

The judgment is reversed.

HERD, J., not participating.